JOE S. RICE ET AL., RECEIVERS, v. THOMAS E. RAGAN.

Decided June 1, 1910.

**1.—Deposition—Motion to Suppress.**

Upon a motion to suppress a deposition on the ground that it was not read over to the witness by the notary at the time the deposition was taken, and that it had not been correctly written by the notary who took the deposition, evidence considered and held insufficient to show that the answers written and read to the witness were different from the ones given by him, and the motion was therefore properly overruled.

**2.—Jurors—Questions on Voir Dire.**

On the trial of a suit against a railroad company for damages for personal injuries, the plaintiff was allowed to ask the jurors on voir dire, if for any reason they would be unwilling to render a verdict for full and fair compensation if they found in favor of plaintiff, and if they found for him would there be any disposition to give him less than full compensation under the evidence? Held, said questions were not subject to the objection that they had a tendency to commit the jury to a verdict for a large compensation.

**3.—Affidavit—Incompetent Evidence.**

An affidavit in support of a motion to suppress a deposition is not competent evidence before the jury of the facts therein stated.

Appeal from the 61st Judicial District, Harris County. Tried below before Hon. Norman G. Kittrell.

*C. R. Wharton,* for appellants.

*Ewing & Ring,* for appellee.

FLY, ASSOCIATE JUSTICE.—This is an action to recover damages arising from personal injuries, instituted by appellee against Joe S. Rice and Cecil Lyon as receivers of the Kirby Lumber Company. It was alleged that while appellee was engaged in the discharge of his duties as a millwright in the employ of appellant at a sawmill being operated by them in Liberty County, they negligently failed to maintain the machinery connected with the engine in a reasonably safe condition, by reason whereof a certain revolving pulley burst and flew to pieces and appellee was struck by the flying fragments and was seriously and permanently injured.

Appellants answered by general and special demurrers, general denial, and by pleas of assumed risk, and that the accident occurred through the negligence of a fellow servant "to properly oil the governor."

The cause was tried by jury and resulted in a verdict and judgment for appellee in the sum of $10,000.

Appellee was employed by appellants as a millwright on August 16, 1907, and on the following day was seriously and permanently injured by the bursting of a pulley. The injuries arose from the bursting or splitting of the pulley on the main shaft of the engine, which made the belt come off and thus permitted the engine to run away. The fragments of the pulley struck appellee. The injuries were caused by the negligence of appellants in having a wooden pulley on the engine instead of one of metal.

Appellants sought to suppress the depositions of W. T. Young on the ground that they were not read over to him at the time the testimony was taken, and that they had not been correctly written by the notary public who took the depositions, and the action of the court in overruling the motion to suppress the depositions is made the object of attack in the first assignment of error. The motion was made and acted upon before the trial of the cause, and was supported by the affidavit of Young in which it is stated that he did not swear as shown by his depositions that "the breaking up of the pulley threw the governor belt off," nor that "the cause of the accident was the wooden pulley on the main shaft bursted." His affidavit also contained the following: "I can not state how come the notary to improperly quote me, but the reason I failed to call his attention to the error was very likely caused by the failure of the notary, after my deposition had been given in full, to read over to me my answers. If he had done so, I could have seen the mistakes. After giving all my depositions, the notary did not read over to me my answers." It will be noted that the witness did not swear that the answer to each question was not read to him after he made it, but that the depositions were not all read to him after all had been taken.

The court properly overruled the motion on the affidavit of Young; but in addition, the affidavit of the notary public was that each answer was read by him to the witness after being taken down; that they were taken down just as the witness gave them, and that he had, after the answers had been written, handed them to the witness who, to the best of his knowledge, read them over before signing. Another witness testified that he was present when the depositions were taken; that the notary public read each answer to the witness after it had been copied on the typewriter, and that after the answers had all been written they were handed to the witness "who read it over from beginning to end in the office." There is nothing that indicates that the answers written and read to the witness were different from the ones given by him. The court properly overruled the motion to suppress the depositions. The record fails to indicate that any evidence was offered by appellants to sustain its motion. They relied on the *ex parte* statement of the witness alone. The depositions of Young were properly admitted in evidence.

The second assignment of error assails the action of the court ·in permitting appellee to ask jurymen on their *voir dire* if for any reason they would be unwilling to render a verdict for full and fair compensation if they found in favor of appellee, and if they found for him, would there be any disposition to give him less than full compensation, under the evidence. We can not conceive that the questions had any tendency to commit the jury to a verdict for large compensation, and it is not intimated that the verdict was excessive. The sole object seems to have been to secure a fair jury, and it appears from the record that the object was attained.

The affidavit of Young, made in support of the motion to suppress his dispositions, was hearsay, pure and simple, and the court did not err in refusing to allow it to go before the jury. The affidavit, as a support for the motion, had performed its only office before the judge

and could not be used as evidence before the jury. If appellants desired the evidence of Young, other than that contained in his depositions, they should have taken another deposition or had him present to testify. Of course, what Young told Cole about his answers to the interrogatories having been incorrectly transcribed was hearsay and was properly rejected.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.