For the errors pointed out the judgment of the lower court is reversed, and the cause remanded.

══════

FIRST TEXAS PRUDENTIAL INS. CO. v. CONNOR. (No. 931.)

(Court of Civil Appeals of Texas. El Paso. Feb. 13, 1919. Rehearing Denied March 6, 1919.)

1. ACCORD AND SATISFACTION ☞8(1)—RECEIPT IN FULL—LIQUIDATED DEMAND—CONSIDERATION.

When a claim is based upon a liquidated demand, payment and acceptance of less than the entire sum due, in the absence of some new consideration, does not bar recovery of the balance due, and a receipt or release in full of the balance due is without consideration.

2. INSURANCE ☞579—LIFE INSURANCE—RELEASE IN FULL—CONSIDERATION.

Where there was no controversy between the parties as to amount due under life policy when release in full was given, the payment of a lesser amount than was due under the policy in compromise would not supply the necessary consideration for the release, and, where there was no other independent consideration released, would not bar recovery of the balance.

Appeal from El Paso County Court at Law; W. P. Brady, Judge.

Action by Florence Connor against the First Texas Prudential Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Turney, Culwell, Holliday & Pollard, of El Paso, for appellant.

Jackson & Isaacs and M. V. Ward, all of El Paso, for appellee.

Statement of Case.

HIGGINS, J. This suit originated in the justice court. It was brought by appellee against appellant to recover the sum of $191.50 alleged balance due upon an in-

surance policy issued by appellant in the sum of $500 upon the life of Louisa Holder, naming appellee as beneficiary. In bar of the action, appellant set up a release reading as follows:

"First Texas State Insurance Company. Claim Draft. No. 11293. Home Office: Galveston. Date, June 18th, 1917. When properly indorsed on back hereof, at sight, pay to the order of Florence Connor, Chas. Connor, beneficiaries, and Peak Und. Co., assignee, two hundred fifty-eight dollars ($258.00), and such indorsement hereon by payee shall constitute a receipt for the amount hereof in full discharge, settlement, and compromise of all claims under policy No. 51598, which payee has or may have against the First Texas State Insurance Company on account of any injury sustained and all disease or sickness contracted prior to date hereof, including all disability and loss of time, and death of Louisa Holder resulting from any, either, or all of said causes from and after May 20, 1917. In addition to the above sum, $51.50 due me, on account of the above claim, was applied on note. To First Texas State Insurance Co., Galveston, Texas.      T. E. Flick, Adjuster."

The release was indorsed by the payees therein named and paid by appellant. Charles Connor, one of the payees, is the husband of appellee. Peak Undertaking Company, another payee, had buried the deceased, and was made a payee to secure its charges.

It seems that, in making out the proof of death, appellee erroneously stated the age of the assured to be greater than it really was. The policy contained this provision:

"Misstatement of Age. If age of insured was understated in application for this policy, the amount payable hereunder shall be the insurance which the premium paid would have purchased at the true age of insured."

It was agreed upon the trial that, if Louisa Holder was 57 years old at the time of the issuance of the policy, the published rate of $1.95 would pay for insurance on the life of a person that age in the sum of $309.50, and, for a person 47 years of age at the time the policy was issued, paying a premium of $1.95 would entitle the insured or the beneficiary to the payment of $500.

In making settlement, appellant deducted the sum of $191.50 upon the theory that the deceased, as shown by the proof of death, was 57 years old at the date the policy was issued. Upon the trial, which was without a jury, appellee, without objection, testified that in making out the proof she made a mistake as to the age of assured, and to facts which would support a finding that assured was in fact 47 years old at the date the policy was issued.

Appellant presents but one assignment and supporting proposition as follows:

"The court erred in rendering judgment in behalf of the plaintiff, and against the defendant, because the defendant pleaded as a defense in said cause the payment and settlement of said claim; that said payment and settlement was not denied, because the uncontradicted testimony shows that settlement was made and payment was accepted by plaintiff without any fraud on the part of the defendant against the plaintiff being pleaded or proven."

Proposition: "Defendant having pleaded the written release, the plaintiff, failing to deny the execution of the same under oath, cannot impeach this release."

### Opinion.

Upon the record presented, the pertinency of the foregoing assignment and its supporting proposition is not apparent. Appellee's recovery is not based upon any question of fraud or non est factum. As disclosed by the evidence, her right of recovery rests upon an entirely different basis, namely, a want of consideration for the release in full.

[1] When a claim is based upon a liquidated demand, the amount due being definite and certain, payment and acceptance of less than the entire sum due, in the absence of some new consideration, does not bar recovery of the balance due, and a receipt or release in full of the balance due is without consideration. Insurance Co. v. Villeneuve, 25 Tex. Civ. App. 356, 60 S. W. 1014; Insurance Co. v. Blasingame, 38 Tex. Civ. App. 402, 85 S. W. 819; Rotan Grocery Co. v. Noble, 36 Tex. Civ. App. 226, 81 S. W. 586.

[2] So far as this record discloses, there was no controversy between the parties at the time the voucher was issued. The evidence is meager, but it seems that Mrs. Connor made proof of death of the assured, erroneously stating the age of the assured, and upon this proof the appellant issued the voucher for the amount due upon the policy, assuming the age to be as stated in the proof; $51.50 being deducted to cover a loan made the assured. If any controversy were shown to have arisen between the parties as to the amount due, the payment of the lesser amount in compromise would have supplied the necessary consideration, and the release pleaded would have been valid. But no such controversy appears to have arisen, nor is any other independent consideration shown.

The assignment does not question the sufficiency of appellee's pleadings to recover upon the theory that the release was without consideration. The evidence was admitted without objection, and upon the record as it is here presented the case must be affirmed.

So ordered.