**BUSINESS MEN'S ASSUR. CO. OF AMERICA v. BRADLEY.***
(No. 6869.)

(Court of Civil Appeals of Texas. Austin. June 24, 1925. Rehearing Denied Oct. 7, 1925.)

1. **Insurance ⊝⟲531—Mere change in name of employment not "change of occupation" within policy.**

Change in name of employment of insured, which in nowise increased hazard thereof, nor any risk of loss to insurer, is not, in legal contemplation, such "change of occupation" as permits insurer to reduce its liability thereunder (citing words and Phrases, First and Second Series, "Change").

2. **Insurance ⊝⟲531—Insurer precluded from reducing liability, where insured injured while engaged in recreation.**

Under accident policy providing for reduction of indemnities where occupation of insured was changed to one more dangerous than that under which he was originally insured, but accident occurring in "ordinary duty about his residence or while engaged in recreation" was excepted, injury received while in recreation did

not reduce indemnity of insurer, where change of occupation of insured did not increase hazard.

3. **Insurance ⊝⟲603—Release of amount due under policy not binding on insured.**

Where insured had liquidated demand against insurer for $1,250, and insurer admitted that it owed him $750, release of remaining $500 due insured under policy was without consideration and not binding.

4. **Appeal and error ⊝⟲1001(1)—Finding of jury, supported by sufficient evidence, not disturbed.**

Where there was sufficient evidence for jury on issue as to whether insurance adjuster acted in good faith in inducing insured to accept draft for part of amount due under indemnity claim, finding of jury thereon will not be disturbed.

5. **Appeal and error ⊝⟲1062(1)—Errors, if any, in manner and form of submission of special issues, held immaterial.**

Where trial court could properly have given peremptory instruction for plaintiff, errors, if any, in manner and form in which special issues were submitted, became immaterial.

6. **Insurance ⊝⟲665(1)—Penalty and attorney's fees properly allowed.**

Under proof and Rev. St. 1911, art. 4746, insured under accident insurance policy *held* entitled to 12 per cent. penalty and reasonable attorney's fees.

Appeal from Coleman County Court; S. J. Pieratt, Judge.

Action by Carl L. Bradley against the Business Men's Assurance Company of America. Judgment for plaintiff, and defendant appeals. Affirmed.

Snodgrass, Dibrell & Snodgrass, of Coleman, and Solon T. Gilmore, of Kansas City, Mo., for appellant.

H. L. Livingston and Baker & Weatherred, all of Coleman, for appellee.

BAUGH, J. Appellee sued the appellant for a balance of $500 claimed to be due him under an accident policy issued him by appellant, for 12 per cent. penalty, and for attorney's fees. The case was tried to a jury upon special issues, and judgment obtained against appellant for $660, from which this appeal is prosecuted. The policy in question provided in article I thereof, amongst other things, for payment of $1,250 for the loss of one eye. While the policy was in force, appellee, by an accident occurring while he was engaged in recreation, lost one of his eyes. The claim adjuster for the appellant, after proofs of loss were made, and some 5 months after the accident, called upon appellee, told him that due to his change, after the issuance of the policy, to a more hazardous occupation than that engaged in by him at the time he made his application, the amount he was entitled to recover thereunder was reduced from $1,250

·to $750, and issued him a draft for that amount, which appellee accepted and cashed. Other pertinent facts will appear in the discussion of the issues raised.

Appellant sets out in its brief 52 assignments of error, on which it bases 19 propositions. We shall not undertake to discuss these in detail, however, as, under the views we take of the case, they are practically all disposed of under two general issues. The first of these is, whether under the terms of the policy itself and the undisputed facts of the case, the appellee had, after his injury, a liquidated demand against the assurance company for the $1,250 named in the policy for the loss of an eye; and, second, whether appellee was barred from recovery by the terms and conditions imposed in the draft issued him for $750 and his indorsement thereof.

In the original application on which the policy was issued and in the policy, the insured's occupation was designated as "manager lumber yard." The yard seems to have been a small yard and operated by two men, who appear to have composed its entire working force. After the issuance of the policy, appellee, Bradley, was replaced as "manager" of the yard but continued his work there. It is because of this alleged "change of occupation" to one classified by the company as more hazardous that the adjuster sought to reduce the company's liability from $1,250 to $750. This contention was based upon the provisions of section 1, art. X of the policy, which reads in part as follows:

"This policy includes the indorsements and attached papers, if any, and contains the entire contract of insurance except as it may be modified by the company's classification of risks and premium rates in the event that the insured is injured or contracts sickness after having changed his occupation to one classified by the company as more hazardous than that stated in the policy, or while he is doing act or thing pertaining to any occupation so classified, except ordinary duties about his residence or while engaged in recreation, in which event the company will pay only such portion of the indemnities provided in the policy as the premium paid would have purchased at the rate, but within the limit so fixed by the company for such more hazardous occupation."

It appears, however, that appellee had let his policy lapse for nonpayment of premiums, but that he had, at the instance of a general agent of appellant company, paid up his delinquent premium and been reinstated, that he had after such lapse, and after he had been replaced as "manager" of the lumber yard, and at the time he paid up his past-due premiums, told said general agent of his changed status, and that such agent, with knowledge of whatever change there was in the character of his employment, had accepted his premiums and reinstated him under his original classification. It also appears that the alleged "change of occupation" was in name only, and that the risks and hazards of his employment were the same after his reinstatement as they were when he was first insured. His own testimony, which was not controverted, as to his duties after he was replaced as "manager" of the yard, was as follows:

"After Mr. Manning came here, I performed in fact the same duties as before, except the supervision. I didn't have the responsibility of management, to take the cussings over the bad trades we made, and things like that. I loaded wagons, collected, and worked some on the books. Two men were working with the Burton Lingo Company at that time, Mr. Manning and myself. I did the same work then that I had been doing before."

[1] No contention is made by the company that his original classification was wrong, nor that he would not have been entitled to recover the full $1,250 had the injury occurred thereunder. Under the undisputed testimony, however, it appears that there was no such change in the duties of his employment as in the least increased the hazard or risk to the company. A change in the name of his employment, which in nowise increased the hazard thereof nor added any risk of loss to the insurance company, is not in legal contemplation such a "change of occupation" as would permit the company to reduce its liability thereunder. See Words and Phrases, First and Second Series.

[2] Regardless of this, however, we think that under the express language of the very article of the policy which appellant relied upon to reduce its liability from $1,250 to $750, it is under the admitted facts precluded from doing so. In the very language which attempts to provide for a reduction of the indemnities payable, where the occupation of the insured is changed to one more dangerous than that under which he was originally insured, accidents occurring in the "ordinary duties about his residence, or while engaged in recreation" are expressly excepted from the operation of this onerous provision. If the language used means anything, it means only that. Manifestly the policy was designed and intended to protect the insured at all times, whether at home, at work, or at play, and, even if it be admitted that the character of his employment was changed, the risk of injury arising from ordinary domestic duties or recreation remained the same. This fact was recognized in the language used in so excepting such activities of the insured. It is not disputed that appellee received his injury while in recreation. That being true, he is excepted by the language of the policy itself from any burden that might otherwise attach under the provision of the policy relied upon. Having thus established his injury while his policy was in force, under its express terms and the admitted facts of this case, his policy became a liquidated demand for $1,250.

[3] This brings us to a discussion of the second main issue in the case. The draft delivered to and accepted by Bradley contained upon its face the following provision:

"This draft is in full settlement of all claims for indemnity under policy No. 187726"

—being the policy in question. And on the back thereof, just over Bradley's indorsement occurred this provision:

"Indorsement of this draft constitutes acknowledgment and acceptance by payee of full payment of account specified within, including all claims, liabilities, and demands whatsoever to the date of this draft."

Appellant contends that, there being a bona fide controversy between the parties as to the amount due under the policy, and the amount paid being determined upon as a compromise of their differences, the appellee is bound by the settlement, and is not entitled to recover anything, citing Franklin Life Ins. Co. v. Villeneuve, 25 Tex. Civ. App. 356, 60 S. W. 1014; Id., 29 Tex. Civ. App. 128, 68 S. W. 203; McDonald v. Ætna Life Ins. Co. (Tex. Civ. App.) 187 S. W. 1005; National Fire Ins. Co. v. Plummer (Tex. Civ. App.) 228 S. W. 250. We have carefully read all these cases, and make no dissent from the rules therein announced. In each and all of these cases the insurance company denied all liability whatever under the policies involved and that it owed the insured any sum whatever. No such condition prevails in the instant case. The appellant has never asserted any breach whatever of the policy involved, nor denied its liability thereunder. On the other hand, it admitted liability under the policy to the extent of $750, and does not here deny its liability for that amount. There was, therefore, no dispute and no controversy as to the amount actually paid by the company. Appellee having a liquidated demand against the company for $1,250, and the company having admitted that it owed him $750, and having paid no more, a release of the remaining $500 due appellee under his policy was wholly without consideration and not binding upon him.

[4] In addition, the jury found, in answer to a special issue, that the contention of the adjuster at the time he induced appellee to accept the draft that only $750 was due under the policy was not made in good faith. Appellant attacks this finding, it is true, on the ground that there was no evidence to support it. We are of the opinion, however, that there was sufficient evidence to go to the jury on this issue, and will not disturb their finding thereon. This case thus comes clearly within the rules announced in Franklin Ins. Co. v. Villeneuve, 29 Tex. Civ. App. 128, 68 S. W. 203; N. W. Life Ins. Co. v. Findley, 29 Tex. Civ. App. 494, 68 S. W. 695; Ins. Co. v. Blasingame, 38 Tex. Civ. App. 402, 85 S. W. 819; Accident Ins. Co. v. Miller (Tex. Civ. App.) 193 S. W. 750; Fire Ins. Co. v. Wickham, 141 U. S. 577, 12 S. Ct. 84, 35 L. Ed. 860.

[5, 6] Under this view of the case the trial court could properly have given a peremptory instruction to the jury to find for the appellee. Hence errors, if any, in connection with the manner and form in which the special issues were submitted, become immaterial. The same is true as to other contentions made by appellant, and we pretermit a discussion of them here. Under the proof and the provisions of article 4746, R. S. 1911, appellee was entitled to recover the 12 per cent. penalty and a reasonable attorney's fee.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.