**HARGIS v. MOXON et ux.**

**No. 990.**

Court of Civil Appeals of Texas. Waco.

Jan. 8, 1931.

C. A. Wright, of Fort Worth, for appellant.

B. Jay Jackson, of Cleburne, for appellees.

GALLAGHER, C. J.

Appellees, J. J. Moxon and wife, Callie M. Moxon, sued appellant, W. A. Hargis, in the district court of Tarrant county in trespass to try title to recover lot 20 in block 8 of the South Side addition to the city of Fort Worth. They claimed title thereto in fee simple under a regular chain from the state. They also pleaded specially that appellee J. J. Moxon purchased said lot in the year 1906 and received a deed conveying the same to him from the South Side Land Company; that said lot had at all times since the purchase of the same been vacant; that some person, unknown to them, executed a deed in the name of J. J. Maxon conveying said lot to one T. F. Bock; that said Bock conveyed the same to appellant; and that he was asserting some claim to said lot thereunder. They further alleged that said Maxon deed was executed without their knowledge, consent, or authority, and that, if the same purported to be the act of appellee J. J. Moxon, same was a forgery. They also alleged that they had held continuous possession of said lot, using and claiming same and paying taxes thereon from the date of the original purchase. Appellant pleaded not guilty.

The court instructed the jury peremptorily to return a verdict for appellees. Upon the verdict returned in response to such charge, the court entered judgment in favor of appellees against appellant for the title and possession of said lot.

## Opinion.

Appellant assigns as error the action of the court in giving said peremptory charge. He contends by propositions presented thereunder that appellees failed to establish title in themselves, or either of them, to the lot sued for. D. L. Martin and wife, on August 15, 1926, conveyed by warranty deed to the South Side Land Company a tract of land purporting to contain 171.8 acres. Said deed recited that 36.3 acres of the land conveyed was out of the E. P. Parris survey, 9.7 acres of the land conveyed was out of the J. F. Ellis survey, and the remaining 126.43 acres out of the J. Thornhill survey. The South Side Land Company subdivided said tract into lots, blocks, streets, and alleys, called the same South Side addition to Fort Worth, and caused a plat thereof to be recorded in the records of Tarrant county. Said plat as a whole was not introduced in evidence, but block 8 thereof only was introduced. There is nothing to indicate upon what part of said addition said block is located, except that it is bounded on the east by the Missouri, Kansas & Texas Railway right of way. According to the field notes, however, said right of way constitutes the entire east boundary line of said tract. Appellees introduced in evidence a patent from the state to said Parris survey and chain of title from the grantee therein to the 36.3 acres embraced in said addition to the South Side Land Company, and deed from said company to appellee J. J. Moxon conveying to him lot 20 in block 8 of said addition, being the lot herein sued for. No patent from the state to either of the other surveys was shown. Neither was there any attempt to show that such patents had issued nor that appellee Moxon or his predecessor in title held thereunder.

Appellees made no attempt to sustain by testimony their plea of title by limitation based on adverse possession of said lot since its purchase by them. Neither did they show that they had ever had actual possession thereof at any time. They introduced no testimony tending to show common source. For the purpose of attempting to show title by limitation in Duke L. Martin, one of their predecessors in title, they introduced, apparently without objection, two affidavits. We quote the same from the statement of facts as follows: "An affidavit by B. L. Waggoman of date July 26th, 1913, to the effect that the J. Thornhill 640 acre survey in Tarrant County, Texas, has been under fence and in the possession of Duke L. Martin for ten years, who was then the only owner of the same, and it was partly in cultivation."

Also: "An affidavit by D. S. Hare of date July 26th, 1913, duly recorded in deed records, Tarrant County, on the same date, all substantially the same effect as the affidavit by B. L. Waggoman."

Appellant assails the sufficiency of these affidavits to show title in Martin to said survey on various grounds. We need not discuss them all. Such affidavits were ex parte, hearsay, and inadmissible. Cline v. Booty (Tex. Civ. App.) 175 S. W. 1081, 1082, par. 7 (writ refused); Pantaze v. Farmer (Tex. Civ. App.) 205 S. W. 521, 524, par. 6; Rice v. Ragan, 61 Tex. Civ. App. 429, 129 S. W. 1148, 1149 (writ refused); Rule v. Richards (Tex. Civ. App.) 159 S. W. 386, 388, par. 3 (reversed on other grounds [Tex. Com. App.] 207 S. W. 912); Masterson v. Jordan (Tex. Civ. App.) 24 S. W. 549, 550; In re Ulrich, 267 Pa. 233, 109 A. 922, 923, par. 6; 3 Jones, Commentaries on Evidence, p. 2007, § 1085; 22 C. J. p. 207, § 168. Neither of said affidavits allege affirmatively sufficient facts to show title by limitation to said survey in Martin prior to his conveyance to appellees' vendor, the South Side Land Company. The statement therein that said Martin was the only owner of said survey was a mere conclusion, and insufficient to show title in him. Howard v. Zimpelman (Tex. Sup.) 14 S. W. 59-61; Shifflet v. Morelle, 68 Tex. 382, 387 et seq., 4 S. W. 843; Creager v. Douglass, 77 Tex. 484, 487, 14 S. W. 150; Huff v. Crawford, 89 Tex. 214, 220, 34 S. W. 606; Western Union Tel. Co. v. Hearne, 7 Tex. Civ. App. 67, 26 S. W. 478, 479, and authorities there cited; Continental Insurance Co. v. Cummings (Tex. Civ. App.) 95 S. W. 48, 50; Scott v. Witt (Tex. Civ. App.) 41 S. W. 401, 402. Evidence in itself wholly incompetent, and therefore without probative force, gains no vitality because admitted without objection. It will not support a verdict by a jury nor a finding of fact by a court. Southern Surety Co. v. Nalle (Tex. Com. App.) 242 S. W. 197, 201, par. 4, and authorities there cited. Certainly such evidence will not justify an instructed verdict.

Appellees made no attempt to sustain the validity of the title to that portion of the Ellis survey included in said addition. A careful study of the field notes, however, makes it highly improbable that the lot sued for was located on the small part of that survey included in such addition. Appellees were under the facts stated required to show that they, or one of them, had a valid title to the lot sued for. The testimony fails to show whether said lot is located on the Parris survey, to which their grantor had title, or on the Thornhill survey, to which no valid title in it was shown. Such being the case, the court erred in instructing a verdict in their favor.

The judgment of the trial court is reversed, and the cause is remanded.