## CHICAGO FRATERNAL LIFE INS. ASS'N, Inc., v. HERRING.

### No. 1858.

Court of Civil Appeals of Texas. Waco.

April 22, 1937.

Street and Street, of Waco, for appellant.

John McGlasson, of Waco, for appellee.

GALLAGHER, Chief Justice.

Appellee, R. S. Herring, filed this suit against appellant, Chicago Fraternal Life Insurance Association, Inc., to recover a balance claimed by him to be due upon a benefit certificate issued by it in which it promised, upon the death of Pearl T. Herring, the insured, to pay to him as beneficiary the sum of $1,000. Appellee was the husband of the insured. He admitted that appellant had paid to him $771.93 as the amount claimed by it to be due on said certificate. Appellant claimed that a clerical error in reciting the age of the insured was made in the issuance of the certificate sued upon and that under its by-laws it was legally entitled to reduce the amount payable under said certificate to the sum actually paid by it to appellee.

A brief statement of the facts will aid in a ready understanding of the issues of law involved in this suit. Mrs. Pearl Herring, the insured, was born on the 24th day of May, 1878, and was 33 years of

age on the 24th day of May, 1911. On the 6th day of May, 1911, she made application to the National Protective Legion of Waverly, N. Y., for a benefit certificate in the sum of $1,000. Said application was in three parts. Part 1, written by the agent of said legion and signed by her, contained an affirmative statement that her age at her nearest birthday was 33 years, and also an indorsement signed by him that her age was 33 years. Part 2 thereof, written by said agent and signed by her, also contained an affirmative statement that her age at her nearest birthday was 33 years and an indorsement signed by him that her age was 33 years. The inquiry in part 2 concerning the age of the applicant, which was answered as aforesaid, was immediately preceded by an inquiry as to where she was born, which was answered: "Lenore, N. C., on the 24th of May, 1888." Part 3, written by said legion's medical examiner and signed by her, contained neither inquiry nor statement with reference to the age of the applicant, but did contain an inquiry as to the date of her birth, in the answer to which the month and day were correctly stated but, in stating the year, the third figure was blurred so as to render it impossible to determine whether the year was 1878 or 1888. A benefit certificate was issued to the applicant promising payment to her husband, appellee herein, of the sum of $1,000 upon her death. Said certificate contained an indorsement that the insured's age at that time was 33 years.

The stipulated assessments or premiums required to keep said certificate in force were all duly paid as they accrued until the certificate sued upon was, by some arrangement between said legion and appellant, substituted for said original certificate. Mrs. Herring, the insured, was adjudged insane some time during the year 1923 and so continued to her death. Such substitution occurred some time in the year 1927. Mrs. Herring was at that time incapable of agreeing thereto and there is no testimony that either she or appellee as beneficiary participated in such substitution. He did testify that on receipt of the substituted certificate he placed it in his box at the bank and thereafter paid the stipulated assessments or premiums required by the terms thereof to keep it in force until the death of his wife. While said new certificate was actually issued in 1927, for some reason not disclosed by the record it was dated December 1, 1924. The

only reference to the age of the insured in or on the same was the following memorandum at the top thereof: "Age 37." Said certificate was by the terms thereof made subject to the provisions of appellant's by-laws.

The insured, Mrs. Herring, died September 25, 1933. Appellee was then an inmate of the Old Soldiers' Home in Leavenworth, Kan. Proofs of death were promptly made and approved by the medical director of the company on December 8, 1933. When said certificate was issued by appellant it had in force a by-law providing that no clerical error in any certificate should operate to deprive the holder of any right or benefit or to expose the insurer to liability, but that such error should be corrected to conform to the laws of the insurer. It also had in force another by-law which provided, in substance, that when the insured had made a mistake in giving his age at the time of admission, he might have the error corrected, if his mistake was made in good faith, by paying the difference between what had been paid and the amount due for the correct age, with 6 per cent. interest thereon, but that, if such mistake was not corrected, the beneficiary should be paid only that amount which his payments would have purchased at his correct age. Appellant's rate for a certificate holder 37 years of age was $1.32 per month, and for one 47 years of age $1.71 per month. Appellant, on March 12, 1934, issued and transmitted to appellee a draft for $771.93, upon which was an indorsement to be signed by him on cashing the same that the amount thereof was in full of all claims on account of the death of his said wife, and a further statement as follows: "This claim scaled acct. wrong age given in application, the above amount being all the protection the rate paid will purchase." Appellee indorsed said draft and received the amount called for in the face thereof as aforesaid. The parties hereto agreed that appellee, prior to his accepting, signing, and cashing said draft, had never seen the original application consisting of three separate parts, as hereinbefore set out, nor the original certificate issued by said legion to the insured, and had no knowledge thereof except the statements made to him by appellant's representatives in connection with the tender to him of said draft and his acceptance, indorsement, and cashing of the same, as hereinbefore set out. They also agreed that the original certificate is-

sued by said legion never came into appellee's possession until on or about the 1st day of April, 1935.

The court, on the evidence introduced, including that hereinbefore recited, rendered judgment for appellee against appellant for the unpaid portion of the certificate sued upon, together with interest, penalty, and attorney's fees, in the aggregate sum of $357.72.

The court, at the request of appellant, filed findings of fact and conclusions of law in accord with the testimony hereinbefore recited, and found specifically therein that the insured, on May 6, 1911, when she executed the application to said legion for a benefit certificate hereinbefore set out, was 33 years of age, as stated in such application, and that she did not misstate her age therein; that appellant, upon being furnished proofs of the death of the insured, acknowledged liability on said certificate in the sum of $771.93 as aforesaid, and contended that the insured had misstated her age in her application; that there was no controversy at the time between the parties on this point but appellant's statement that insured had misstated her age in her application was accepted as true by both parties and so acted upon, and that appellant acted in good faith in such contention.

## Opinion.

Appellant presents two specific contentions as ground for reversal. One of such contentions is that it had the right, under the testimony and findings hereinbefore recited, to adjust the amount payable by it on account of the certificate sued on by reducing the same to the sum of $771.93, the amount which the monthly assessments or premiums paid would have purchased at the actual age of the insured at the time of the issuance of such certificate, and, having tendered such amount to appellee in full settlement of all his claims against it, and he having accepted same in full of all such claims, he was precluded from recovering herein. The authorities cited by appellant in support of this contention relate to the extinguishment of liability by accord and satisfaction. An accord and satisfaction is dependent upon contract and requires the meeting of the minds of the parties and knowledge by both of the relevant facts, in order to render the same valid and effectual. So an accord and satisfaction entered into through or as a result of mutual mistake of fact, or misrepresentation by one party and reliance thereon by the other in ignorance of its falsity, is voidable and ineffective and may be set aside at the instance of the injured party. 1 C.J.S., Accord and Satisfaction, p. 471, § 3. A person is responsible for what he represents to be true whether he knows the same to be false or not. 20 Tex.Jur. p. 42, § 23, and authorities there cited. Accord and satisfaction, like any other contract, must, in order to be valid and effective, be founded upon a proper consideration, and, where there is no consideration, the accord is nudum pactum and so invalid and unenforceable. 1 C.J.S., Accord and Satisfaction, p. 473, § 4. Appellant predicated its claim to a right to scale the face of the certificate upon an averment that the insured had misstated her age in her application. Since the only application shown to have been made by the insured was made to the legion as an inducement to it to issue the original certificate, and both such application and the certificate issued thereon correctly stated the age of the applicant, there was clearly no foundation for the statement of fact so made. The parties hereto, by written instrument filed herein, agreed that appellee, prior to his accepting, signing, and cashing said draft, had never seen the original application nor the original certificate issued thereon by said legion to the insured, and had no knowledge thereof except the statements made to him by appellant's representatives in connection with the tender to him of said draft and his acceptance, indorsement, and cashing of the same. While the court found that appellant acted in good faith in making said representation, the same was not in fact true, and appellee relied thereon in accepting the settlement tendered. Such settlement was therefore not binding on appellee, and he, on discovering the falsity thereof more than a year later, brought this suit to recover the remainder due on said certificate after crediting thereon the amount he had so received. Appellant, in said settlement, paid to appellee only the amount it admitted to be due him, and there is neither contention nor showing in this suit which would authorize any abatement of such amount. Having paid only what it admitted and actually owed, no consideration for the remission by appellee of the remainder of his claim has been shown. See also, in this connection: 1 Tex.Jur. p. 256, § 11; 10 Tex.Jur. p.

512, § 298; 24 Tex.Jur. pp. 1168 et seq., §§ 327 and 328; Stowe v. Wooten (Tex. Com.App.) 62 S.W.(2d) 67, 68, par. 1, and authorities there cited; Northwestern Life Ass'n v. Findley, 29 Tex.Civ.App. 494, 68 S.W. 695, pars. 4 and 5; Woodall v. Pacific Mut. Life Ins. Co. (Tex.Civ.App.) 79 S.W. 1090, pars. 5 and 6; First Texas Prudential Ins. Ass'n v. Connor (Tex.Civ. App.) 209 S.W. 417, 418, pars. 1 and 2, and authorities there cited; Business Men's Assurance Co. of America v. Bradley (Tex. Civ.App.) 275 S.W. 622, 624, par. 3, and authorities there cited; North American Accident Ins. Co. v. Miller (Tex.Civ.App.) 193 S.W. 750, pars. 4 and 7 (writ refused); Oviett v. Warner (Tex.Com.App.) 288 S. W. 434, and authorities there cited; Columbian Nat. Fire Ins. Co. v. Dixie Co-op. Mail Order House (Tex.Com.App.) 276 S. W. 219, par. 2, rehearing denied (Tex. Com.App.) 277 S.W. 380; King v. Cliett (Tex.Civ.App.) 31 S.W.(2d) 350, pars. 8, 9, and 14; Standard Accident Ins. Co. v. Bittle (C.C.A.) 36 F.(2d) 152, par. 3; Hicks v. Stillwater County, 84 Mont. 38, 274 P. 296, par. 8.

Appellant, in its other contention, invokes an application of its by-law which provides that no clerical error in any certificate shall operate to deprive the holder of any right or benefit or expose the insurer to liability, but that such error shall be corrected to conform to the laws of the insurer. No specific method of making such correction is prescribed, nor is the time for the correction of such error in any way limited. It will be noted that the insured had procured from said legion the original certificate herein entitling her beneficiary to receive $1,000 at her death and had paid all assessments or premiums required to maintain the same in full force and effect for more than 16 years prior to the time that appellant, by some undisclosed arrangement between it and said legion, issued the certificate herein sued on in lieu of said original, and also that appellant, in said certificate, promised to pay such beneficiary the full sum of $1,000. The insured, under the evidence and findings of the court, was fully exonerated from any responsibility for the error in the indorsement reciting her age on such certificate. Under these circumstances, we think the equitable way of correcting such clerical error is to allow to appellant as an offset to or abatement of the unpaid remainder of the face of the certificate, the difference between the monthly assessments or premiums actually paid and such assessments or premiums as should have been paid had the certificate stated the correct age of the insured, together with legal interest. Such amount, under the agreement of the parties, was 39 cents per month. Since the exact date during the year 1927 at which substitution of certificates took place is not disclosed, in order that appellant may have no reasonable ground of complaint, we have made our calculation from the 1st day of January of that year. From that date until the date of the death of the deceased, the unpaid 39 cents per month amount in the aggregate to $31.59. Legal interest from the time each payment should have been made until the time of settlement in March, 1934, amounts to $7.07. Therefore an aggregate of $38.66 was properly deductible at the date of settlement. Since appellee recovered 12 per cent. liquidated damages on said amount, together with 6 per cent. interest thereon from the date of settlement to the date of judgment, amounting in the aggregate to $8.49, appellant is entitled to a further reduction in such sum, or a total reduction of $47.15, from the judgment rendered.

The judgment of the trial court is therefore reformed by reducing appellee's recovery against appellant to the sum of $310.57, with legal interest thereon from the date of said judgment, and, as so reformed, said judgment is affirmed. Since appellee's recovery is materially reduced by such reformation, no judgment will be rendered against the sureties on appellant's supresedeas bond. Harris v. Ware (Tex. Civ.App.) 93 S.W.(2d) 598, 601, pars. 10 and 11. The costs of this appeal are adjudged against the appellee.