**TEXAS GUARANTY LIFE CO. v. SEALE.**

No. 8938.

Court of Civil Appeals of Texas. Austin.
July 17, 1940.

Rehearing Denied Sept. 25, 1940.

Carney & Carney and Tom J. Mays, all of Atlanta, for appellant.

Orville M. Jobe, of Waco, for appellee.

BLAIR, Justice.

Appellee, C. M. Seale, sued appellant, Texas Guaranty Life Company, to recover a balance of $500 due on its insurance policy for $1,000, insuring the life of appellee's mother, he being named beneficiary. Appellant plead settlement and release of all liability on the policy in consideration of the payment of $500 to appellee. Appellee replied that the settlement and release were invalid for two reasons: (1) Because without consideration under the rule that part payment is no consideration for the discharge of the liquidated demand of $1,000 due on the policy; and (2) because the settlement and release were induced by fraud. A trial to the court without a jury resulted in judgment for appellee as prayed; hence this appeal.

Appellee states in his brief that he does not rely upon his fraud allegation, and in consequence the portion of appellant's brief relating to the fraud issue need not be considered. Appellant contends, however, that its plea of accord and satisfaction should have been sustained, because liability under the policy was not liquidated, but was uncertain and unliquidated. The policy provided for the payment of a maximum sum of $1,000 upon receipt of proof of death of the insured, with condition as follows: "The obligation of the Company to make payments of any sum or sums specified in its policy contract or supplemental contract shall be the amount realized from the net mortuary collection of one monthly premium, plus any amount in the reserve fund at the date of death of the insured not to exceed the maximum sum."

After proof of death of the insured was received, appellant employed a special claim adjuster to settle the claim of appellee. He showed appellee a letter from appellant authorizing him to adjust the claim for fifty cents on the dollar, which was also claimed to have been authorized by the State Insurance Commission. This letter and the claim adjuster represented to appellee that appellant did not have enough money in its mortuary fund to pay the claim, and that appellant desired to settle the claim for fifty cents on the dollar. Appellee had no other information as to the mortuary fund, and believing the representations of the claim adjuster accepted his offer. The claim adjuster issued appellee a draft on appellant for $500, which was accepted and cashed by appellee, who also executed the release form on the back of the policy, releasing the claim in full in consideration of the payment to him of the $500, and delivered the policy so released to the adjuster.

The rule is settled that where an insurance policy provides on its face for a certain maximum sum, and conditions which might limit or reduce the amount specified, the amount stated as the maximum sum payable on the face of the policy is a liquidated demand. Cox v. Bankers' Guaranty Life Co., Tex.Civ.App., 45 S.W. 2d 390; Ft. Worth Mut. Benev. Ass'n v. Haney, Tex.Civ.App., 17 S.W.2d 104; Ft. Worth Mut. Benev. Ass'n of Texas v. Guire, Tex.Civ.App., 292 S.W. 910; Stone v. Brady Mut. Life Ins. Ass'n, Tex.Civ. App., 2 S.W.2d 538.

The evidence is also undisputed that appellant acknowledged and accepted its liability on the policy as being $1,000, because by letter and representation of its adjuster it proposed to settle the claim for fifty cents on the dollar, and accordingly paid $500 on the claim. Thus the proof was conclusive that appellee's claim for $1,000 was a liquidated demand.

Nor do we sustain the contention of appellant that there was a bona fide dispute in good faith as to its liability for "any greater sum conclusively shown by the evidence." Appellant admitted that it was liable for the face value of the policy, but represented that there was not enough in the mortuary fund to pay that amount. Appellee did not dispute this claim or representation, and had no information about the matter other than as represented by appellant's letter and the adjuster, which he accepted as true in making the settlement and executing the release of the claim in full. The trial court found upon sufficient testimony that for a period of six months appellant collected for each month an average of about $2,300, out of which the full claim in suit could have been paid. The rule is settled that where, as in the instant case, a claim is based upon a liquidated demand, in absence of a bona fide dispute over the amount due, a settlement for a less sum than due is without consideration. First Texas Prudential Ins. Co. v. Conner, Tex.Civ.App., 209 S.W. 417; Franklin Ins. Co. v. Villeneuve, 25 Tex. Civ.App. 356, 60 S.W. 1014; Chicago Frat. Ins. Ass'n v. Herring, Tex.Civ.App., 104 S.W.2d 901; 24 Tex.Jur. 1168, § 327; 2

Tex.Jur.Supp., 1660; Tex.Jur.1939 Supp. 609; Business Men's Assur. Co. v. Bradley, Tex.Civ.App., 275 S.W. 622.

Nor do we sustain the contention of appellant that it was shown to be insolvent and that therefore the acceptance from an insolvent debtor of part payment of a liquidated undisputed debt is based upon a sufficient consideration to take the case out of the general rule and the transaction operates as a good accord and satisfaction. Appellant was not shown to be insolvent, but was shown to be a going concern collecting an average of more than $2,300 per month over the six months period pertinent here. In any event, the issue was at most one of disputed fact and was found by the trial judge in favor of appellee.

The remaining contentions of appellant are without merit and are overruled.

The judgment of the trial court is affirmed.

Affirmed.