## WARD v. NATIONAL BENEV. SOC.
### No. 11272.

Court of Civil Appeals of Texas. Galveston.
Oct. 30, 1941.

Harry D. Larson, of Eagle Lake, and Marvin Sprain, of Bellville, for appellant.

Moss & Moss, of LaGrange, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellant, Nellie Ward, to recover, as beneficiary, under a policy or certificate of insurance issued by appellee, National Benevolent Society, on the life of her husband, Dave Ward, who died on or about March 5, 1938.

Appellee answered by a denial of liability under said certificate of insurance, alleged that the face amount of the certificate was subject to certain reductions under its provisions, and that a settlement had been made with appellant of all remaining claims arising from the death of the insured thereunder.

In a trial before the court upon an agreed statement of facts judgment was rendered that appellant take nothing by her suit. Findings of fact and conclusions of law

were filed by the trial court. They were not challenged in the lower court.

The certificate of insurance in question was issued by appellee on September 29, 1937. It was what is known as a "family group certificate", under which the deceased, Dave Ward, the husband, was insured for the sum of $400; Nellie Ward, his wife, was insured for the sum of $200, and Dave Ward, Jr., a son, was insured for the sum of $150. Appellant, Nellie Ward, was named therein as beneficiary of Dave Ward. The policy provided that upon the death of any member of the family group after 45 days and within ten months from the date of the issuance of the certificate, the beneficiary should be paid one-tenth only of the amount recorded in the name of the deceased member in full settlement of all claims under the policy, and that, in the event of the death of any member of the family group from certain types of ailment, including any sickness which could not be common to both sexes, the beneficiary should be paid only one-fourth of the amount recorded in the name of the deceased member in full settlement of all claims under the policy. Dave Ward died on or about March 5, 1938, after 45 days and within 10 months from the date of the issuance of said certificate of insurance. The trial court found that appellee was a fraternal benefit society; that the primary disease which caused Dave Ward's death was prostate gland disease and piles, complicated by starvation and exposure; that on March 12, 1938, appellant, Nellie Ward, received a check from appellee for the sum of $10, in the form of a release, which stipulated that it was in full settlement of all claims arising from the death of Dave Ward; that appellant accepted, endorsed and cashed the check and retained the proceeds thereof and that repayment thereof had not been tendered.

■ Appellant assigns error in the action of the trial court in admitting in evidence, over proper objections, a verified ex parte certificate by one Dr. W. T. Kubricht which purports to state the cause of the death of Dave Ward and other facts in connection with his last sickness. The certificate was allegedly introduced by appellee for the purpose of showing that Dave Ward died from a disease which, under said contract of insurance, rendered appellee liable for only one-fourth of the face amount of said policy.

The statement reads:

"Attending Physician's Sworn Statement.
"Death
"Certificate
"Sickness

"Statement of sickness and death of Dave Ward         of         Wallis, Texas.

"1. How long had you known him? Did not. How long had you been his medical adviser? March 4 and 5, 1938.

"2. Did you attend him professionally for last sickness? Yes. What was primary disease? Prostate gland disease and piles.

"3. Give diagnosis in full: (Include local and constitutional symptoms). By external examination.

"4. Complications, Starvation.

"5. History of previous illness from same disease. Not known.

"6. Was the sickness caused directly or indirectly by any venereal disease? No. By the excessive use of alcoholic drink? No. Of opiates? No. Or any other narcotic? No.

"7. Give date and place of your first professional visit to him, during final sickness. Place? Simonton, Date March 4, 1938.

"8. How old was he at time of death? 56.

"9. How many times did you visit him? Once. How many days was the claimant confined to the house during the entire interval *between your first and last visits?* Nine days.

"10. How many days was he confined continuously to his bed *while you were attending him?* Nine days before.

"11. Give date of his visit to your office for prescriptions. I had to go to see him to his home.

"12. Had he ever suffered from any constitutional or local disease, either hereditary or acquired? (blank) If so what disease and to what extent did such disease contribute to the sickness and death?

"13. How do you understand the sickness to have occurred? Exposure.

"W. T. Kubricht, Attending Physician, "Address, Wallis, Texas.

"Graduate of Col. of Phy. & Surgeons, Ill. Univ., State of Illinois, County of Cook County."

We infer that the ex parte affidavit in question which appears to have been verified by the physician on March 12, 1938,

approximately two years prior to the filing of this suit, was procured by appellee in connection with said certificate of insurance, though the record is silent as to this fact.

We know of no exception to the hearsay rule which would make the contents of this affidavit admissible in evidence in view of the fact that the proof of the death of insured was admitted by appellant.

■ No rule is better settled than that a statement offered as evidence of the truth of a fact asserted must be subjected to certain tests:

(1) The person making the assertion must be subjected to cross-examination, i. e., must make it under circumstances that the opponent has an adequate opportunity, if desired, to test the truth of the assertion by questions which the person is compelled to answer; and (2) the person making the assertion must be confronted with the opponent and with the tribunal when making the assertion and giving his answers. Wigmore's Code of Evidence, Rule 157, pp. 259 and 260.

■■ Further, it is the settled law in this state that an ex parte affidavit is hearsay and is not admissible as proof of the facts contained therein. American National Ins. Co. v. Fress, Tex.Civ.App., 142 S.W.2d 531; Mutual Life & Loan Ass'n v. Skidmore, Tex.Civ.App., 50 S.W.2d 384; Hargis v. Moxon, Tex.Civ.App., 34 S.W.2d 353. Being hearsay, the evidence is, in itself, wholly incompetent, and, therefore, without probative force and it does not even gain vitality because it is admitted without objection. Hearsay evidence will not support a verdict by a jury nor a finding of fact by a court. Hargis v. Moxon et ux., Tex.Civ.App., 34 S.W.2d 353; Southern Surety Co. v. Nalle & Co., Tex.Com. App., 242 S.W. 197.

In the instant case, timely objection was made to the admission of the testimony, no opportunity was given appellant's counsel to cross-question the physician in reference to the statements made in the affidavit and no excuse was given by appellee as to why the physician was not produced on the trial of the case.

Appellee contends that all claims due appellant under said certificate of insurance had been settled by the acceptance by Nellie Ward of a check from appellee for the sum of $10 which stipulated that it was in full settlement of all claims arising from the death of Dave Ward.

The record shows that appellant, Nellie Ward, was a negro farm woman. She testified that she had gone to school only about three years on account of bad eyesight; that she could write a little but could not read well because all of the letters looked like they ran together. She testified that appellee's check for the sum of $10 had been delivered to her by appellee's agent, and that she had later cashed it, but that she had not received any other communication by letter or otherwise from appellee since her husband's death and did not know that it was appellee's intention to pay her only $10 under said insurance policy on account of the fact that her husband had died with a "chronic disease".

There is no evidence in the record of any dispute or controversy as to the amount of money due under the terms of said policy, and there is no showing that appellee contended at any time prior to the filing of the suit that the face amount of said policy should have been reduced by reason of the fact that Dave Ward had died from an ailment prohibited under said policy.

■ It is well settled that, where a specified principal sum is provided in the face of an insurance policy, as in the instant case, and the policy contains limitations restricting the recovery under certain conditions, the burden rests upon the insurer to both plead and prove such facts as would reduce the amount of the recovery below the maximum. Cox v. Bankers' Guaranty Life Co. et al., Tex.Civ.App., 45 S.W.2d 390, and the cases therein cited. And that where, as in this case, a claim is based upon a liquidated demand, in the absence of a bona fide dispute over the amount due, a settlement for a less sum than due is without consideration and does not bar a recovery of the balance. Texas Guaranty Life Co. v. Seale, Tex.Civ.App., 143 S.W.2d 147; Cox v. Bankers' Life Co. et al., Tex.Civ.App., 45 S.W.2d 390; First Texas Prudential Life Ins. Co. v. Connor, Tex.Civ.App., 209 S.W. 417.

■ In the instant case it is undisputed that, prior to the alleged release of this claim by appellant, there had been no controversy between appellant and appellee over the amount due appellant under the terms of said insurance certificate. It is also undisputed that appellant was not informed by appellee that it would contend

that the face amount of said policy should be reduced either by reason of the fact that Dave Ward had died within ten months of the date of the issuance of said certificate, or that he had died from an ailment prohibited under the terms of said policy. Under above facts the settlement and release relied upon by appellee is without consideration.

For the reasons stated, the judgment of the trial court is reversed and the cause remanded for a new trial.

Reversed and remanded.