**WOODMEN OF THE WORLD LIFE INS.
SOC. v. ARMSTRONG.**

No. 13358.

Court of Civil Appeals of Texas. Dallas.

Feb. 26, 1943.

Rehearing Denied April 2, 1943.

Brame & Brame, of Sherman, for appellant.

R. M. Carter, of Sherman, for appellee.

LOONEY, Justice.

Mrs. Joseph E. Armstrong, the appellee, sued Woodmen of the World Life Insurance Society, the appellant, on its certificate for $3,000, issued on the life of Joseph E. Armstrong, deceased husband of appellee, who was made beneficiary in the certificate. After the death of insured, a controversy arose as to his age, appellee claiming that the correct date of his birth was November 12, 1894, as represented by him in the application for insurance; on the other hand, appellant contended that the insured was born on November 12, 1888, and that his age was understated. The difference involved under the terms of the certificate amounted to the sum of $883.56. Appellant acknowledged liability and, in harmony with its contention in regard to the age of the insured, tendered appellee its check for the sum of $2,102.73, being the amount due under the certificate, less $13.71, a deductible assessment. Appellee accepted the check, which bore on its back a receipt to the effect that it was accepted in full of all benefits due or arising under the certificate. This receipt was signed by appellee, the check was deposited for collection and, in due course, paid by appellant. Subsequently, appellee, having made futile efforts to induce appellant to pay the balance, that is, the amount deducted from the face of the policy, filed the instant suit for its recovery.

Appellant denied liability, pleaded accord and satisfaction, and alleged that, in his application, the insured made untrue and incorrect answers to certain questions, which, under the terms of the contract, rendered the insurance void, in that, he denied that he had ever failed to receive a contract of insurance for the full amount and kind applied for; whereas, in truth, he had previously applied to the Franklin Life Insurance Company for a certain kind of policy and failed to receive it; that is, failed to receive the policy for the amount and kind applied for. It was also alleged that the insured denied that he had brothers or sisters, living or dead; whereas, at that time, he had a living sister, half brothers and sisters living, and several dead.

In her supplemental petition, appellee replied that appellant, having admitted li-

ability but refused to pay the full face of the policy on the sole ground that the insured understated his age, and having refused to pay the balance, and the instant suit having been filed for its collection, it was estopped to deny liability on any other ground. Replying further, appellee alleged that the policy in question having been in force for more than two consecutive years during the life of the insured, appellant was precluded by Section 81 of its constitution and by-laws from refusing payment on the certificate on any ground other than fraud in procuring the certificate.

In an amended supplemental answer, appellant alleged that the insured procured the issuance of the certificate by fraud (in making the untruthful and incorrect statements in his application for the certificate heretofore shown), that the same were relied upon, induced the issuance of the certificate—but for which it would not have been issued. In this state of the pleadings, the case was tried, resulting in a verdict and judgment in favor of appellee, from which this appeal was prosecuted.

On the issue as to the age of insured at the time the application for the certificate was made, the jury found that he was born on November 12, 1894; thus sustaining the contention of appellee. Based upon such finding and others favorable to her, the court rendered judgment in her favor for the full amount sued for.

Appellant does not question the sufficiency of the evidence to sustain the finding of the jury as to the age of insured; nor is the amount of the judgment called in question. The first, second and third points urged by appellant call in question the correctness of the rulings of the court in refusing to instruct a verdict in appellant's favor, in overruling its motion for judgment notwithstanding the verdict, and its motion to set aside the findings of the jury in answer to special issue No. 3, to the effect that prior to March 17, 1941 (the date appellant's check for $2,102.73 was delivered to appellee), no controversy or dispute existed between appellee and appellant as to the exact amount of money due under the terms of the certificate because the finding was contrary to the preponderance of and without any support in the evidence. Each of these points is related to and bottomed upon the issue of accord and satisfaction. As before stated, appellant admitted liability under the certificate, was willing to pay and did pay the amount the rate collected would have purchased at

the age of the insured as contended by the appellant. The parties were at variance simply in regard to the age of the insured, appellee claiming that he was born November 12, 1894, and the appellant claiming that he was born November 12, 1888.

 Mr. Farrar Newberry, Secretary of W.O.W. Life Ins. Society, testifying by deposition, among other things, said: "Subsequent to the death of Joseph E. Armstrong inquiries and investigation revealed to the Society that Joseph E. Armstrong was in fact born on November 12, 1888, whereas he had stated in his application for membership that he had been born on November 12, 1894. It has been the beneficiary's contention that the date of birth given in the application for membership was correct, whereas the Society has been informed and believes the true date of birth to be November 12, 1888." The facts being undisputed, special issue No. 3 and the answer thereto served no purpose and the issue should not have been submitted, as the amount due under either theory was certain and liquidated. The real question involved was. whether or not there was a consideration for the execution of the receipt by appellee; appellant having paid the amount admitted to be due, we do not think there was any consideration for the remission by appellee of the remainder of her claim under the certificate. In Woodmen of World v. Smauley, Tex.Civ. App., 153 S.W.2d 608, 612, the action was on a double indemnity benefit certificate. There was no dispute between the parties as to its liability on the life certificate. The dispute related to its liability on the double indemnity provision of the contract. It was held that acceptance by the beneficiary of payment of the amount due on the life certificate and signing a release to the effect that payment in full was received of all demands against the Association, arising under the certificate, did not constitute an accord and satisfaction or the release of the Association's liability on the double indemnity provision. Obviously the holding was bottomed on the idea that, payment of the undisputed item, which was liquidated and admittedly due and owing, did not constitute a consideration for the release of the disputed item. That, in our opinion, is precisely the situation presented in the instant case. The same doctrine was announced on the second appeal of that case; see Woodmen of the World v. Brown, Tex.Civ.App., 164 S.W.2d 190. To the same effect, also see First Texas, etc.,

Co. v. Connor, Tex.Civ.App., 209 S.W. 417; Chicago Fraternal Life Co. v. Herring, Tex.Civ.App., 104 S.W.2d 901, 903, which is directly in point and cites numerous authorities. So, we conclude that appellant's contention that there was an accord and satisfaction is without merit, and is overruled.

In its 4th, 5th, 6th and 7th points, appellant contends, in effect, that the court erred in overruling its motion for an instructed verdict because of the untrue and incorrect statements made by the insured in his application for the certificate, wherein he stated that he had never failed to receive a contract of insurance applied for and that he had neither brother nor sister, living or dead.

■ Appellee pleaded estoppel to these defensive pleas. It is undisputed that the only reason appellant refused to pay the full amount of the certificate was that insured understated his age. Mr. Newberry, Secretary of appellant, testified that, "Billie I. Armstrong, the beneficiary designated in certificate No. TE-1292493 (appellee herein), made claim against the Society for the face amount of the certificate issued to Joseph E. Armstrong; however, because of an apparent mis-statement of age in Armstrong's application for membership the Society admitted liability for the amount of death benefit which the payment made by Armstrong would have purchased at his correct age." Having admitted liability and paid the amount conceded to be due, and having refused after proper demands to pay the remainder of the claim, thus forcing appellee to institute suit for its recovery, we think appellant was estopped to rely upon the grounds of forfeiture insisted upon. See National Aid Life Ass'n v. Murphy, Tex.Civ.App., 78 S.W.2d 223, full citation of authorities (error dismissed); Great American Indemnity Co. v. McMenamin, Tex.Civ.App., 134 S.W.2d 734 (error dismissed); Standard, etc., Co. v. Thornton, 97 Tenn. 1, 40 S.W. 136; Snyder v. Supreme Ruler, etc., 122 Tenn. 248, 122 S.W. 981, 985, 986, 45 L.R.A.,N.S., 209; Union Central Life Ins. Co. v. Drake, 8 Cir., 214 F. 536, at page 547; Railway Co. v. McCarthy, 96 U.S. 258, 24 L.Ed. 693.

In answer to these defensive pleas, appellee also plead that appellant was precluded from urging them, in view of the provisions of Section 81 of its constitution and by-laws, which, in so far as pertinent here, reads as follows: "Section 81: When a beneficiary certificate has been in force for two consecutive years during the life of the member, the payment thereof shall not be refused on any other ground than suspension; or fraud in the procurement of the certificate." etc. (other grounds also mentioned not material here).

■ In Sovereign Camp W. O. W. v. Nigh, Tex.Civ.App., 223 S.W. 291, the court stated that fraternal benefit societies were not within the purview of Art. 4741 (now Art. 4732, Vernon's Ann.Civ.St.), prescribing certain provisions to be contained in an insurance policy and that policies issued by fraternal societies, such as the one here, were not incontestable, unless so provided by its contract, hence the terms of the contract must control and not the statute. To the same effect, see Sovereign Camp, W. O. W. v. Wernette, Tex.Civ.App., 216 S.W. 669, 673, writ refused. Although the incontestable provisions of the statute do not apply to fraternal benefit societies, yet they are not inhibited from incorporating qualifying provisions in their contracts, having the effect of converting statements and answers of an applicant for insurance into mere representations that otherwise would be considered warranties. This, in our opinion, is the effect that must be given Section 81 of appellant's constitution and by-laws heretofore set out. See Casstevens v. Texas Standard Life Ins. Co., 137 Tex. 615–620, 621, 155 S.W.2d 916.

■ This by-law, in our opinion, assimilated the contract in question to one ruled by Article 5043, which provides that the answers or statements made in the application, even if untrue or false, shall be of no effect and shall not constitute a defense to a suit on the insurance contract, unless it be shown upon the trial of the cause that the matter or thing misrepresented was material to the risk, or actually contributed to the contingency or event on which the policy became payable. So, when can it be said that an incorrect or untruthful statement, made in an application for insurance, amounts to fraud in the procurement of the certificate? It is obvious, we think, that such statement not only must be untrue, but in order to avoid the insurance, as stated by the Supreme Court in American Central Life Ins. Co. v. Alexander, Tex.Com.App., 56 S.W.2d 864, must have been wilful, made with a design to deceive or defraud, and upon which the

insurer relied in writing the policy. To the same effect, see Texas Prudential Ins. Co. v. Beach, Tex.Civ.App., 98 S.W.2d 1057–59; Colorado Life Co. v. Newell, Tex.Civ.App., 78 S.W.2d 1049; Gorman v. Jefferson Standard Life Ins. Co., Tex.Civ.App., 275 S.W. 248; also National Life & A. Ins. Co. v. Kinney, Tex.Civ.App., 282 S.W. 633, where it was held that to avoid the policy, that is, to be fraudulent· within the meaning of such contract, the misrepresentation must have been wilful, with intent to deceive, material in its nature and relied upon by the insurer, inducing the contract.

■ In response to special issue No. 8, the jury found that the insured misrepresented the true facts in stating that he had no brothers or sisters at the time of the application, and in answer to special issue No. 12, that he misrepresented the true facts in stating that he had never been denied or rejected for life insurance by any insurer, or failed to receive a contract of life insurance for the full amount applied for. The finding in regard to family history, in our opinion, was clearly authorized by the evidence, but the other finding in regard to whether he had been rejected as an insurable risk, in our opinion, was not authorized. In fact, we think the record discloses that, as a matter of law, insured was not rejected, but, within the meaning of the insurance contract, was accepted by the company. The facts are these; insured applied to Franklin Life Ins. Company for a family income policy, the annual premium being $205.50; the Company failed to issue this kind of policy, but in lieu, and based upon the same application, did issue an ordinary life endowment policy, the annual premium being $248.50, which was accepted by the insured. In view of these undisputed facts, we think the contention rather strained and technical to say that assured was rejected.

■ However that may be, in view of Section 81 of appellant's constitution and by-laws, which was a part of the contract, and the fact that the beneficiary certificate had been in force for two consecutive years during the life of the insured, the burden rested upon appellant, not only to allege but to prove that fraud was perpetrated in ·procuring the certificate; that is, fraud as a procuring cause as defined in the decisions heretofore cited. We do not think appellant discharged this burden. We have examined carefully the cases cited in support of its contention, found on pages 18 and 23 of its brief; also the recent case of Carrizales v. W. O. W. Life Ins. Soc., Tex.Com.App., 167 S.W.2d 509. Neither case, in our opinion, is in point; in that, in neither was the issue of fraud presented, or any issue based upon a by-law of the insurer, as in the instant case.

The jury having found that, in his application for the certificate, insured misrepresented the true facts in regard to his family history and in stating that he had never been rejected for life insurance, based upon these answers, the court required the jury, in response to special issues Nos. 9, 10, 12a and 12b, to find from a preponderance of the evidence whether such misrepresentations were relied upon by appellant and induced the issuance of the certificate (to which the jury answered "No"); also whether or not if the misrepresentations had not been made, appellant would have· issued the certificate (to which the jury answered "Yes"). Thus it will be seen the jury found as a fact that, the alleged fraud did not induce appellant to issue the certificate.

■ Appellant objected to the submission of these issues for reasons, among others, that they were speculative, requiring the jury to guess as to the conduct of appellant, that there was no basis for their submission, and permitted the jury to construe the written contract. It is obvious, we think, that appellant's objections to the charges, in effect, were admissions on its part that no evidence had been introduced on the issue of fraud, although it had the burden of establishing fraud as alleged. In that situation, the court could well have resolved the issue against appellant without submitting the issues, but having done so with the result stated, no harm could have resulted to it from the submission, for, in the absence of evidence, the court could have assumed the facts to be just as the jury found them, that is, that the misrepresentations were not relied upon and if not made, the certificate nevertheless would have been issued. Therefore, appellant's points in regard to these matters are overruled.

Appellee also urges several cross points which, in view of the disposition made of the case, will not be acted upon although from a cursory examination, we think the

court erred in excluding the evidence on the issue of accord and satisfaction complained of in cross points Nos. 2 and 5.

So, in harmony with the views herein stated, we think the judgment below should be affirmed and it is so ordered.

Affirmed.

BOND, C. J., not sitting.