(104 So. 796)

**WHITT v. LEATH.  (7 Div. 570.)**

(Supreme Court of Alabama.   June 11, 1925.)

**1. Accord and satisfaction ⬉➝20 — Settlement and surrender of notes for amount erroneously omitting some matured interest not accord and satisfaction.**

Settlement and surrender of notes, accompanied by erroneous or mistaken omission of some matured interest in calculating total amount due, does not amount to accord and satisfaction.

**2. Interest ⬉➝50—Purchaser assuming mortgage held not liable for interest on two secured notes after tendering payment.**

Purchaser assuming mortgage securing five separate notes, matured interest on one of which was erroneously omitted in calculating amount due thereon, *held* not liable for interest on other notes after he offered and tendered payment thereon.

*Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.*

Bill in equity by L. M. Whitt against Samuel H. Leath. From the decree, complainant appeals. Affirmed in part, and reversed and remanded in part.

The bill alleges: That respondent holds a mortgage upon the real estate involved, executed by one Bryant and wife February 16, 1918. That on July 30, 1918, before maturity of any of the notes secured by said mortgage, complainant purchased the property from the Bryants, assuming, as a part of the purchase price, to pay off said mortgage indebtedness to respondent. That the notes secured were all dated February 6, 1918, and were as follows: Note for $296, due on or before January 1, 1919; one for $280, due on or before January 1, 1920; one for $264, due on or before January 1, 1921; one for $248, due on or before January 1, 1922; one for $232, due on or before January 1, 1923; and one for $216, due on or before January 1, 1924—all bearing interest at 8 per cent. from maturity. That the original indebtedness was $1,200, and interest for the period for which the notes were to run, included in the face of each note. That on December 11, 1919, complainant paid off and discharged the first three of said notes under agreement with respondent by the payment of $696, which was accepted by respondent in full settlement,

discharge, and satisfaction thereof; the said notes being then marked paid by respondent and delivered to complainant. That on January 12, 1923, complainant made legal tender to respondent of the principal and accrued interest on the next two of said notes, which respondent refused to accept unless complainant would pay a much larger sum than was due. That complainant informed respondent that the money due on said notes was ready for him at any time, and left the same in a bank, telling respondent to call for it at any time he decided to accept it, and instructing the bank to pay it when called for. That on December 8, 1923, complainant made legal tender of the amount which would be due on the last of said notes on the date of its maturity, and also the amount that had been tendered to respondent on the other two unpaid notes, which respondent then and there refused to accept, demanding a larger sum. That on December 12, 1923, after said tender was made, respondent proceeded to advertise for sale the land covered by the mortgage. That complainant is and has at all times been ready to pay the amount due on said mortgage, and tenders into court the amount he is advised is due, and offering, if mistaken, to pay the amount found by the court to be due.

It is prayed that respondent be enjoined from selling said lands under the mortgage, and that a decree of satisfaction be entered in complainant's favor.

Complainant testified in part as follows:

"Sam Leath was holding the notes that Bryant made to him for $1,200. I went to see Leath about paying for some of the notes. I told him it might be I would take up as much as half of them if he would discount the notes to me. He told me there was only one note due, and I told him, if he would discount the notes and we could agree, I would take up three of them. I asked him what he would take for the three notes. He told me he would take $696 for them. I asked him if he had check on the Boaz Bank and he said, 'Yes.' I told him to write out check for the $696, and turn me over the three notes, and he said he would do that, so I traded with him, and he wrote out check and turned these notes over to me."

Respondent's testimony was to the effect that on December 11, 1919, complainant came to his store and said he wanted to pay off his land note; that respondent told him how much it was, thinking it was due January 1st following, and that he calculated no interest on it; that complainant said he believed he would take up two more notes; that respondent told him they were not due, and said he would carry them over; and that he filled out a check for $696, and gave complainant the three notes, thinking none of them were due and not figuring interest; that nothing was said about discounting the notes; "that the mistake I made was that I failed to calculate interest that was due on $696 note that was past due at that time;" and that he afterwards called complainant's attention to the mistake.

The trial court decreed that complainant had not made sufficient tender and was not entitled to enjoin foreclosure, but decreed that complainant be permitted to redeem by paying the balance due on the mortgage debt, with interest, attorney's fee, etc.

From the decree, complainant appeals.

E. O. McCord & Son, of Gadsden, for appellant.

Acceptance of complainant's check and surrender of the notes extinguished the first three notes. Brown v. Lowndes County, 201 Ala. 437, 78 So. 815; Code, 1923, § 7669. The tender for the notes was good, and was sufficient to stop interest. A. & E. Ency. Law (2d Ed.) § 33.

Hood & Murphree, of Gadsden, for appellee.

Payment of the sum of $696 for the three notes did not constitute an accord and satisfaction. Ex parte Sou. Cotton Oil Co., 207 Ala. 704, 93 So. 662.

ANDERSON, C. J. [1] The sole question in this case hinges on the fact as to whether or not there was a past-due indebtedness on the mortgage at the time of the advertised sale under the power, and which said sale the bill seeks to enjoin, and this must be solved by determining whether the partial payment made upon the first three notes amounted to an accord and satisfaction, or that they were canceled and surrendered as the result of a miscalculation or error in omitting some of the interest on same, or one of them. There was no dispute over the amount due, and this was just a case where the complainant desired to pay said first three notes, and the respondent was willing to accept same less the unmatured interest, and in fixing the amount overlooked the fact that some interest on one of them had matured when the settlement was made. It may be doubtful if the complainant's version of the transaction amounted to an accord and satisfaction. Ex parte Southern Cotton Oil Co., 207 Ala. 704, 93 So. 662. But, if it did, the respondent's version of the affair showed no accord and satisfaction, but that the settlement and surrender of the notes was accompanied by an error or mistake in omitting some of the matured interest in calculating the total amount due on said three notes, and he is corroborated by subsequent acts and circumstances.

The case of Brown v. Lowndes County, 201 Ala. 437, 78 So. 815, is not in conflict with, and does not militate against, the present holding. There, there was an agreement to consolidate outstanding warrants into one in lieu thereof, and which said warrant was accepted in full and cashed by Brown, and there does not seem to have been a mistake

or error as here. See, also, the opinion of Justice Thomas, the author of the opinion, in his special concurrence in the Southern Cotton Oil Co. Case, supra.

The trial court did not err in denying the injunction, and to this extent the decree of the circuit court is affirmed.

[2] We do not think, however, that interest on the fourth and fifth notes, after the tender, should have been included in ascertaining the amount due on the mortgage. Notwithstanding the first three had not been paid in full, the obligation was made separable by several separate notes, and the complainant had the right to take up the other two which he offered to pay, and to demand the surrender of same. 30 Cyc. p. 1228.

The decree of the circuit court is affirmed in so far as it holds that the first three notes had not been paid in full and in denying the injunction, but it is reversed in so far as it charges the complainant with interest on the two notes he offered to pay after said offer and tender.

Affirmed in part, and reversed and remanded in part; cost of appeal taxed against appellee.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.