## NATIONAL MUT. BEN. ASS'N v. BUTLER.
### No. 1469.

Court of Civil Appeals of Texas. Waco.

May 17, 1934.

Rehearing Denied June 7, 1934.

Simmons & Arnold, of Houston, and Oltorf & Oltorf, of Marlin, for appellant.

Geo. Clark, of Waco, and Carroll Pearce, of Marlin, for appellee.

ALEXANDER, Justice.

Harry Butler brought this suit against National Mutual Benefit Association, a mutual assessment insurance company, to recover on a life insurance policy for the sum of $10,000 issued by the defendant on the life of Ben M. Butler, in which the plaintiff was named as beneficiary. The defendant, among other things, alleged that Harry Butler procured said insurance without the knowledge or consent of his father, Ben Butler; that the insured was not in good health at the time of the issuance of the policy, and that said policy had been procured from the defendant by false representations as to the condition of the insured's health, and that a short time after the death of Ben Butler the plaintiff and defendant entered into a written agreement by which the defendant agreed to pay the plaintiff the sum of $3,000 in full settlement of the amount due on two policies issued by the defendant on the life of Ben Butler, $1,500 being in settlement of the policy here sued on; that the defendant paid plaintiff said sum of money; and that by reason thereof there had been a complete accord and satisfaction of the matter involved in this suit. Plaintiff, by way of reply, alleged that the amount due under the policy sued on constituted a liquidated demand for the full amount thereof; that there was not any good-

faith dispute between the parties at the time of the making of said settlement agreement; that the plaintiff had been induced to sign said settlement agreement by reason of a fraudulent representation by the defendant's agents that they would not run an assessment on the policy sued on unless said settlement agreement was entered into; and that by reason thereof said agreement had been procured by fraud and without adequate consideration and was not binding on the plaintiff. The jury, in response to special issues, found, in substance, that the insurance was not procured by the beneficiary without the knowledge or consent of the insured; that at the time of the making of the settlement agreement there was not a good-faith dispute between the parties as to whether the insured was in good health at the time of the issuance of the policy, and that the defendant did not act in good faith in denying liability on account of the alleged unsound health of the insured; that the agents of the insurance company fraudulently refused to run an assessment on said policy unless the plaintiff would accept the settlement as offered; that the plaintiff relied on said refusal, and was thereby put under such restraint that he was caused to execute the settlement agreement without adequate consideration, contrary to his will, and as the result of imposition. Consequently judgment was entered for the plaintiff for the amount of the policy and interest, less the $1,500 paid plaintiff under the settlement agreement. The defendant appealed.

■ The appellant did not request the submission of any issue as to whether the insured was of unsound health at the time of the issuance of the policy. Hence that defense was waived. The jury found against the appellant's contention that the insurance had been procured by the beneficiary without the knowledge of the insured. The appellant does not challenge the sufficiency of the evidence to support this finding. This leaves only the defense of accord and satisfaction. In this connection, the appellant contends that, since the parties entered into an agreement by which the company was to be released from all further liability under the policy upon the payment of the sum of $1,500, and since it paid said amount to the beneficiary in accordance with said agreement and secured a release from him, there was a complete accord and satisfaction, and consequently the appellee was not entitled to recover herein. It is well recognized that a claim under a life insurance policy, after the death of the insured, is a liquidated demand, and that an agree-

ment to settle for less than the face value of the policy, in the absence of a good-faith dispute as to the liability of the insurer, is without consideration, and that under such circumstances a settlement for less than the face value of the policy will not bar an action to recover the balance due thereunder. 24 Tex. Jur. 1168; Northwestern Nat. Life Ins. Co. v. Blasingame, 38 Tex. Civ. App. 402, 85 S. W. 819 (writ refused); Cox v. Bankers' Guaranty Life Co. (Tex. Civ. App.) 45 S.W.(2d) 390, par. 9; First Texas Prudential Ins. Co. v. Connor (Tex. Civ. App.) 209 S. W. 417; Franklin Ins. Co. v. Villeneuve, 25 Tex. Civ. App. 356, 60 S. W. 1014; Detroit Belt Lacer Co. v. Fowler Co. (Tex. Civ. App.) 4 S.W.(2d) 651; Simms Oil Co. v. American Refining Co. (Tex. Com. App.) 288 S. W. 163. In this case the policy was for the sum of $10,000. It appears without dispute that an assessment would have netted enough to pay the full amount of the policy. Under the agreement, the entire liability of the company was attempted to be settled for $1,500. At the time of the making of said agreement, the company denied liability on the alleged ground that the insured was not of sound health at the time of the issuance of the policy. The jury found that the company did not act in good faith in making such claim, and that at the time the settlement agreement was entered into there was not any good-faith dispute between the parties. There was ample evidence to support such findings. These findings therefore must be accepted as true, and, under the rule above referred to, appellant's contention in this respect must be rejected.

■ The appellant further contends that, even though the proposition of law above referred to be accepted as correct, yet, since the settlement agreement signed by the beneficiary recited that certain differences had arisen between the parties as to their rights and liabilities under the policy, the beneficiary was estopped to deny that there was in fact a good-faith dispute between the parties as to the liability of the insurer. The appellant cites in support of its contention the cases of Ferguson v. Ragland (Tex. Civ. App.) 243 S. W. 721, and Great Southern Life Ins. Co. v. Heavin (Tex. Com. App.) 39 S.W.(2d) 851. In our opinion these cases are not applicable to the facts here under consideration. In the Ferguson Case the jury found that at the time the settlement agreement was entered into there was a good-faith dispute about a material fact. In the case at bar the jury found that there was no such dispute. In the Heavin Case the jury found that the settlement agree-

ment had not been procured by the insurance company through fraud, but there was no issue submitted to the jury as to whether or not there was a good-faith dispute between the parties at the time of the making of said agreement. The Commission of Appeals reversed and remanded the case for further development. That case, therefore, is not decisive of the question here under consideration. We do not understand that an insurance company, by inserting in the settlement agreement a statement that there is a dispute between the parties when there is in fact none, thereby forecloses the issues and puts the matter beyond investigation. 10 Tex. Jur. 119. We overrule appellant's contention.

The other assignments urged by appellant relate to alleged errors not material to the grounds upon which we have affirmed this case. Consequently we do not deem a discussion of such assignments necessary.

The judgment of the trial court is affirmed.