## BUCHANAN & CARVEL, Limited, et al. v. ETIE.

### No. 11540.

Court of Civil Appeals of Texas. San Antonio.

Nov. 14, 1945.

Rehearing Denied Dec. 19, 1945.

C. M. Gaines, of San Antonio, for appellants.

Williams, McClelland, Jeter & Dobyns, of Houston, and Morriss & Morriss and Clarence R. Boatwright, all of San Antonio, for appellee.

MURRAY, Justice.

This suit was instituted by W. R. Etie against Buchanan & Carvel, Limited, and A. A. Buchanan and F. W. Carvel, seeking to recover the sum of $1,486.16, alleged to be due for extra work performed and material furnished by appellee as a subcontractor in the construction of buildings at the Bryan Air Field. The Standard Accident Insurance Company was made a party defendant, but was afterwards dismissed from the suit.

The trial was to a jury, and in keeping with the findings of the jury judgment was rendered in favor of Etie in the sum of $1,-486.16. Attorney's fees were first allowed but later remitted.

From this judgment Buchanan & Carvel, Limited, and A. A. Buchanan and F. W. Carvel have prosecuted this appeal.

Appellants' first contention is that the undisputed evidence shows a complete ac-

cord and satisfaction between the parties as to the account between them, and the trial court should have instructed a verdict for appellants.

Appellants Buchanan & Carvel, Limited, had a general contract with the United States Government to erect certain buildings at the Bryan Air Field in Bryan, Tex., known as the "Bryan Air Field Job." Appellee, as a subcontractor, did considerable work for and furnished material to appellant Buchanan & Carvel, Limited. In June, 1943, the parties met at the Rice Hotel in Houston for the purpose of an accounting. Appellee furnished appellant company a complete statement as of June 10, 1943, covering all work which he claimed he had done for the company. The parties were unable to reach an agreement as to the full amount due appellee, as many of the items on the statement were disputed by the representatives of the company. The company representatives were in a hurry to leave for Galveston, so they checked certain items on the statement that they were willing to allow and paid appellee nine-tenths of the aggregate sum of these items, retaining one-tenth thereof. It was understood between the parties that they would consider the items not agreed upon at a later date.

On August 28, 1943, the company mailed to appellee its check for $2,074.74, which was the amount of the one-tenth retained by it. This check was marked "Balance on account Bryan Air Field Job, Bryan, Texas." Also printed on the check was, "This check is in full settlement of account as shown hereon." When the check was cashed and returned, this latter statement had been scratched out. This check was received by appellee about September 1, 1943, held by him until about October 13, 1943, when he placed thereon in typewriter the following: "Endorsement of this check does not constitute the payment in full, but is endorsed only for the amount shown on the other side of this check." The check was then endorsed by W. R. Etie and cashed. When the company learned of the limited endorsement by Etie it notified him to return the proceeds of the check at once, or accept them as a payment in full. Etie made no reply to this demand.

Appellants contend that the above facts show an accord and satisfaction. We do not agree. There is at least one element missing, that of consideration. An accord and satisfaction is regarded as an independent and separate contract and must be supported by a consideration. The payment to Etie of the $2,074.74 was only the payment of a sum already acknowledged to be due him and which did not cover any of the items sued for herein. Such a payment cannot be the consideration for an accord and satisfaction. The jury, upon sufficient evidence, found that the payment made to Etie did not cover any part of the items recovered upon in this suit. Hines v. Massachusetts Mutual Life Ins. Co., Tex.Civ.App., 174 S.W.2d 94; Woodmen of the World Life Ins. Society v. Smauley, Tex.Civ.App., 153 S.W.2d 608; Business Men's Assurance Co. v. Bradley, Tex.Civ.App., 275 S.W. 622; National Mutual Benefit Ass'n v. Butler, Tex.Civ.App., 72 S.W.2d 659; Silvers Box Corp. v. Boynton Lumber Co., Tex.Civ.App., 297 S.W. 1059; Chicago Fraternal Life Ins. Ass'n. v. Herring, Tex.Civ.App., 104 S.W.2d 901; Home Benevolent Society v. Ketter, Tex. Civ.App., 82 S.W.2d 1084; Ortiz Co. v. Luttes, Tex.Civ.App., 141 S.W.2d 1050; Alexander v. Stock Yards National Bank, Tex.Civ.App., 154 S.W.2d 997; Machicek et ux. v. Renger, Tex.Civ.App., 185 S.W. 2d 486; Turner v. Pugh, Tex.Civ.App., 187 S.W.2d 598.

Appellants next contend that in any event the judgment should be reversed as to the item of $900, for "Vent & R/Proof Celler Heater, 36 Bldg. $900.00," because the undisputed evidence shows that the written contract between the parties provides that appellee was to vent heaters from stoves to ceiling and put in vent from ceiling with rain-proofs and caps on certain buildings listed, and that these 36 buildings were listed in such contract.

We cannot agree with this contention. Appellants contended in the trial court that this $900 item was covered by the written commitments of appellee. Evidence was heard on the matter and the issue was submitted to the jury which, on sufficient evidence, found in favor of appellee. We see no reason to set aside this finding of the jury.

Appellants next complain because recovery was allowed for ten items set·forth in their third point. The evidence fully shows what these items were for and, further, that they were not covered by the written commitment. The jury found favorably for appellee on each of these items, and such finding is supported by evidence. We over-

rule appellants' third point. The same ruling is made as to the $18 item complained of in appellants' point 4, and the $75 item in point 5.

 Appellants sixth and last point presents the contention that F. W. Carvel was a special partner in a limited partnership, received no money from the partnership, and therefore was not individually liable. We overrule this contention. Article 6110 et seq., Vernon's Ann.Civ.Stats., sets forth what is required to establish a limited partnership. The evidence does not show that these requirements were met by Buchanan & Carvel, Limited.

The judgment is affirmed.