Oren PARMETER and wife, Viola Parmeter, Appellants,

v.

George V. DELK, d/b/a George V. Delk Company, Appellee.

No. 7906.

Court of Civil Appeals of Texas. Texarkana.

Sept. 24, 1968.

Rehearing Denied Nov. 19, 1968.

Patrick F. McGowan, Strasburger, Price, Kelton, Martin & Unis, James H. Martin, Dallas, for appellants.

Sam W. Pettigrew, Grand Prairie, for appellee.

FANNING, Justice.

Plaintiff-appellee Delk sued defendants-appellants, Oren Parmeter and wife, alleging an express oral contract was entered into between plaintiff and defendants to construct certain improvements upon defendants' residence and alleging that defendants agreed to pay plaintiff the cost of said improvements and a contractor's fee of $2,500.00. Upon trial it was plaintiffs' contention that such contract was entered into, was performed by plaintiff as promised in the contract, and that defendants thereby owed plaintiff a contractor's fee of $2,500.00, less $500.00, which the evidence showed had been previously paid, leaving a balance of $2,000.00 due and owing, that plaintiff demanded payment thereof and such demand was refused by defendants. Defendants contended to the effect

that there was not an express contract between the parties, that the amount of the contractors' fee was in dispute, that a $591.91 check dated August 9, 1966, paid by defendants to plaintiff, was in full settlement of the dispute and constituted an accord and satisfaction.

Trial was to the court with the aid of a jury. The jury in response to special issues submitted found to the effect: (Issue 1) that plaintiff Delk and defendant Parmeter entered into an agreement on or about December, 1965, whereby Delk was to perform certain services for a contractor's fee of $2,500.00; (Issue 2) that Delk performed such services for which he was to receive said contractor's fee; (Issue 3) that there was not a bona fide dispute between Delk and Parmeter immediately prior to August 9, 1966, of the exact amount due Delk by Parmeter on the contractor's fee. (Conditionally submitted Issue 4 inquired as to whether Parmeter on or about August 9, 1966, tendered to Delk a check for $591.91 in full payment of the amount, if any, then due as a contractor's fee; however Issue 4 was not answered by the jury by reason of the jury's negative answer to Issue 3).

Judgment was entered for plaintiff against defendants for $2,000.00 and costs. Defendants-appellants have appealed.

■ Appellants, among other contentions, contend to the effect that there was "no evidence" to support the jury's findings and the judgment of the court. In reviewing these matters it is fundamental that the appellate court only considers that evidence which when viewed in its most favorable light tends to support such findings and judgment, and must disregard all evidence that would lead to a contrary conclusion. Lindley v. Lindley, 384 S.W.2d 676, 679 (Tex.Sup.1964).

Therefore with respect to the "no evidence" questions, and stating the evidence in its most favorable light in support of the jury's findings and judgment of the court, we make the following statement of the case:

Appellants entered into an express oral contract with appellee, a contractor, to make certain repairs upon their residence. Appellee made the improvements with certain additions and changes agreed to by the parties and fulfilled his original contract and additional charges as agreed to by the parties. As the work progressed, appellee sent six itemized bills to appellants, dated from Dec. 28, 1965, to July 27, 1966, aggregating a total sum of $26,955.60. On these bills appellants paid a total of $24,363.69. The final bill of July 27, 1966, was for $2,591.91 and one item of this bill reads as follows: "Contractors Fee (Less previous $500.00 advance) $2,000.00." (Note. The bill of Jan. 12, 1966, for $1,698.60, contained an item "contractor's advance . . . $500.00", which $500.00 item and the remainder of said bill of Jan. 12, 1966, was paid by appellants on Jan. 18, 1966).

Appellee testified to the effect that under the contract he was working on a "cost plus" basis and that as his compensation he was to receive a $2,500.00 contractor's fee; that $500.00 thereof was paid in January, 1966, and he submitted a bill for the $2,000.00 balance due on the contractor's fee in the final bill of July 27, 1966, for $2,591.91. Appellee further testified to the effect that all the other items in the bills submitted, with the exception of the $500.00 contractor's advance (which was paid) and the $2,000.00 unpaid balance on the contractor's fee, were for labor and materials for the construction of the improvements as shown by the itemized bills.

The above referred to final bill of July 27, 1966, in the sum of $2,591.91 was sent to appellants; on August 9, 1966, Mr. Parmeter executed a check for $591.91, payable to appellee, and on the back of the check appeared this notation: "Payment in Full".

According to the testimony of appellee and his bookkeeper, Mr. Westenhaver, the check for $591.91 was not acceptable as payment in full as a balance of $2,000.00

was still due and owing. After letters hereinafter referred to were written, appellee's bookkeeper, Mr. Westenhaver, on November 1, 1966, wrote the words "for cost only" on the back of the check after the words already on the back of the check of "Payment in Full" and the $591.91 check was deposited and paid on or about Nov. 23, 1966.

According to the effect of testimony of appellee and Mr. Westenhaver, prior to Aug. 9, 1966, there was no dispute between appellants and appellee as to the payment of the contractor's fee balance of $2,000.00 ($500.00 of the $2,500.00 having already been paid by appellants), nor was there any dispute between appellants and appellee as to any item prior to Aug. 9, 1966. According to the testimony of appellee and Westenhaver the dispute first arose after the $591.91 check was given. Appellee further testified as to events subsequent to August 9, 1966, in part, as found below.[1] The tes-

1. "Q. Now, what part of this statement still remains to be paid Mr. Delk?
A. The two thousand dollars.
Q. All right. Now, I will ask you when was the first time that you heard any complaint about your balance of your fee that was due and owing?
A. Well, we wrote Mr. Parmeter a letter, two letters, I believe, and we called several times, but we couldn't reach Mr. Parmeter, and then when we did reach him he wasn't cooperative and then he later told us if we wanted to do anything we would have to take him to court.
Q. Now, Mr. Delk, I will hand you what has been detached from this deposition here and I will ask you do you recognize what those letters are?
A. Well, this is the letter we wrote November 2nd, 1966, asking Mr. Parmeter at that time, 'As of this writing, I have still not received your check for $2,000, the amount still owing on your account. I have written and called concerning this matter, but have not had the courtesy of a reply. It would be appreciated if you would let us know of your intentions. As was explained in our last letter, your check dated 8–9–66 in the amount of $591.91 has not been deposited due to the notation on its reverse "Payment in Full". Our assumption is that you wanted to indicate payment in full for our cost factor only. Until that assumption is made fact by your statement to that extent, we cannot deposit this check. There is evidently some question in your mind about the remaining balance, which represents the contractor's fee. Please contact me at your earliest convenience if I can be of assistance in settling this matter.'
Q. Now, Mr. Delk, I will also hand you a letter dated February—
A. February 23rd, 1967.

Q. Who is that letter from, or purports to be from?
A. From Mr. Parmeter and says: 'Mr. Kenneth T. Westenhaver, in care of George V. Delk Construction, P. O. Box 789, Grand Prairie, Texas, Dear Mr. Westenhaver: Whenever you finish the job out at the house, then we will discuss what you claim we owe.' Signed by Mr. Parmeter.
*       *       *       *       *
Q. (By Mr. Pettigrew) I hand you a letter dated August 18, 1966, and would you please read that letter to the jury and to the Court.
A. Well, the letter head reads Mr. and Mrs. Oren Parmeter, 5448 Surrey Circle, Dallas, Texas. 'Dear Mr. and Mrs. Oren Parmeter: Thank you for your recent check. It has been a pleasure to do business with you both. Your fine attitude and patience was greatly appreciated by all of the men connected with your job when circumstances slowed the progress at times to a snail's pace. I have not deposited your check as of this date, because of the notation on its reverse "Payment in Full". According to my records, there was a balance of $2,591.91; of that figure $2,000.00 was the unpaid balance of the contractor's fee. If the notation on the check was in reference only to the cost items, then we are in accord. If I have made a mathematical error, please advise me so that I might set the records straight. Enclosed are several invoices from Krause Electric Company. Upon receipt of these belated items, I talked with Mr. Krause and informed him that we had already closed the job and submitted our final statement. Because the contractor's fee is based upon a per centage of cost, I felt that it would be advantageous for the in-

timony of appellee is clearly to the effect that the final statement was submitted, then the check of Aug. 9, 1966 in question was given, and that Mr. Parmeter refused to pay the balance of $2,000.00 then due, and that the dispute arose for the first time after said August 9, 1966, check was given and Mr. Parmeter's refusal to pay the $2,000.00 balance due on the $2,500.00 contractor's fee.

Appellee's bookkeeper, Mr. Westenhaver corroborated appellee's testimony in many respects and with respect to there being no bona fide dispute between appellants and appellee prior to August 9, 1966. We quote in part from this testimony as found below.[2]

Appellants also contend to the effect that under the undisputed evidence that there was a genuine dispute between the parties and that the tendering of the $591.91 check, marked "Payment in Full" on the back, and appellee's cashing of the check and retention of the $591.91 constituted an accord and satisfaction, and that accordingly appellee was not entitled to a $2,000.00 judgment, and that the trial court erred in overruling defendants-appellants' motion for instructed verdict.

■■■ In case of liquidated claims, where the full amount of the claim is not paid and no additional or substituted consideration is shown, no accord and satisfaction results. 1 Tex.Jur.2d, Accord and Satisfaction, Sec. 13, p. 218. Also the mere payment and acceptance of a sum of money less than the amount of an undisputed indebtedness due, in full satisfaction of the debt, does not, for want of consideration, constitute an accord and satisfaction, and does not bar the creditor's suit to recover the balance. In this connection see Buchanan & Carvel et al. v. Etie, 191 S.W.2d 706 (Tex.Civ.App.1945, wr. ref., n. r. e.), wherein it was stated in part as follows:

"On August 28, 1943, the company mailed to appellee its check for $2,074.74, which was the amount of the one-tenth retained by it. This check was marked 'Balance on account Bryan Air Field Job, Bryan, Texas.' Also printed on the check was, 'This check is in full settlement of account as shown hereon.' When the check was cashed and returned, this latter statement had been scratched out. This check was received by appellee about September 1, 1943, when he placed thereon in typewriter the following: 'Endorsement of this check does not constitute the payment in full, but is endorsed only for the amount shown on the other side of this check.' The check was then endorsed by W. R. Etie and cashed. When the company learned of the limited endorsement by Etie it notified him to return the proceeds of the check at

voices to be forwarded for your consideration in an effort to preclude additional expenses on your part. Again, let me thank you for your cooperation. I remain, respectfully. Kenneth T. Westenhaver, Bookkeeper.'

Q. Was Mr. Westenhaver employed by you?

A. Yes, sir, he was our bookkeeper at that time."

2. "Q. Mr. Westenhaver, at the time you sent the statement to the—final statement to Mrs. Parmeter or Mr. meter, what was the amount they owed at that time?

A. $2,591.91.

Q. All right. Now, isn't it a fact that after you received this check from the Parmeters, didn't you write them a letter?

A. Yes.

Q. And isn't it a fact the first time that you knew of any dispute about the bill in any way was when you received that check?

A. Yes.

Q. And isn't it true you immediately forwarded them a letter explaining your position in reference to it?

A. Yes, I did write them a letter about it questioning what their intentions were.

Q. And you didn't get a response from that letter, did you?

A. No."

once, or accept them as a payment in full. Etie made no reply to this demand.

"Appellants contend that the above facts show an accord and satisfaction. We do not agree. There is at least one element missing, that of consideration. An accord and satisfaction is regarded as an independent and separate contract and must be supported by a consideration. The payment to Etie of the $2,074.74 was only the payment of a sum already acknowledged to be due him and which did not cover any of the items sued for herein. Such a payment cannot be the consideration for an accord and satisfaction. The jury, upon sufficient evidence, found that the payment made to Etie did not cover any part of the items recovered upon in this suit. Hines v. Massachusetts Mutual Life Ins. Co., Tex. Civ.App., 174 S.W.2d 94; Woodmen of the World Life Ins. Society v. Smauley, Tex.Civ.App., 153 S.W.2d 608; Business Men's Assurance Co. v. Bradley, Tex. Civ.App., 275 S.W. 622; National Mutual Benefit Ass'n v. Butler, Tex.Civ. App., 72 S.W.2d 659; Silvers Box Corp. v. Boynton Lumber Co., Tex.Civ.App., 297 S.W. 1059; Chicago Fraternal Life Ins. Ass'n v. Herring, Tex.Civ.App., 104 S.W.2d 901; Home Benevolent Society v. Keeter, Tex.Civ.App., 82 S.W.2d 1084; Ortiz [Oil] Co. v. Luttes, Tex.Civ.App., 141 S.W.2d 1050; Alexander v. Stock Yards National Bank, Tex.Civ.App., 154 S.W.2d 997; Machicek et ux v. Renger, Tex.Civ.App., 185 S.W.2d 486; Turner v. Pugh, Tex.Civ.App., 187 S.W.2d 598."

 We hold that there was ample evidence of probative force and that the same was sufficient to support the jury's findings to special issues 1, 2 and 3.

We further hold that since there was ample evidence of probative force to support the finding of the jury to the effect that no bona fide dispute existed between the plaintiff and defendants immediately prior to August 9, 1966, that the plaintiff's cashing of defendant Parmeter's check in an amount less than the liquidated debt, in the manner and under the circumstances as shown by the record in this case, did not operate as and did not constitute an accord and satisfaction, and that plaintiff-appellee was entitled to recover judgment for the $2,000.00 balance due on his contractor's fee.

We further hold that the trial court correctly overruled defendant's motions for instructed verdict and for new trial.

All of appellants' points are overruled. The judgment of the trial court is affirmed.

Affirmed.