Robert T. RHEA et al., Appellants,

v.

John D. SMITH, Jr. and Wife, Pauline Smith, Appellees.

No. 7209.

Court of Civil Appeals of Texas, Beaumont.

Dec. 17, 1970.

Rehearing Denied Jan. 7, 1971.

McWhorter, Cobb & Johnson, Lubbock, for appellants.

Bill Davis, Lubbock, for appellees.

PARKER, Chief Justice.

The appellants, Robert T. Rhea and Agnes T. Harrell, individually, and as independent executrix of the estate of George W. Harrell, deceased, brought suit on a note dated April 16, 1963, for the principal sum of $12,500.00 executed by appellees, John D. Smith, Jr. and wife, Pauline Smith. The unpaid balance on said note was $2,363.88. The suit was for the unpaid balance, interest, and attorneys' fees. The trial before the court resulted in a judgment denying recovery by the appellants here.

Rhea and Harrell sold a tract of land to Smith and wife for $15,000.00. A $2,500.00 cash payment was made and a note executed by the Smiths in the sum of $12,500.00, payment to be in sixty successive, equal installments of $245.61 each, including principal and interest at seven per cent. It was an "on or before" note. The payees handed the note to American State Bank for collection which the bank collected as an accommodation to the payees. Smith authorized American State Bank to draw drafts on his account at Lubbock National Bank to make payments and forty-eight payments were made without his having to sign a check. American State Bank was working for him in so doing, relieving him of having to make each payment by check, and charging him nothing for its services.

In June, 1967, Smith called Rhea and asked for a discount on the note, which was refused. Smith responded by saying that he was going to pay the note off anyway. He called American State Bank and asked for a payoff on the note. The payees did not authorize the American State Bank to discount the note, and Smith admitted that he knew the note was a five-year note with each payment including interest. He had a copy of the note. There was no dispute as to the amount owing and there was never any agreement by the payees to compromise and settle the debt.

The note teller at American State Bank had credited each payment on the principal of the note with no computation of interest; and, when Smith called the bank teller, she figured the payoff of the note to be $715.52, plus $3.76 interest. At Smith's request, she prepared a draft in such amount on Lubbock National Bank for the makers of the note and a deposit slip for the payees in the same amount. The draft was sent through for collection and a cashier's check received and deposited to appellants' credit on June 13, 1967. It was later discovered that a mistake had been made and that the note had not been fully paid. The mistake amounted to $2,363.88.

Before the mistake was discovered, the payees signed a release of the obligation with no further payment. Thereafter, they discovered that they were short $2,363.88. Then the American State Bank and the makers of the note discovered the mistake. The unpaid balance of the note is $2,363.88, plus interest at seven per cent per annum from June 13, 1967, according to the terms and tenor of the note. Demand was made upon the appellees for payment of said unpaid balance of said note and suit followed failure to pay.

Appellants contend the trial court committed error in holding that the note was discharged by accord and satisfaction because (a) if the bank was agent for either party it was agent for both and the mistake was mutual, and, in the alternative, (b) that the note was mistakenly released by inadvertence of American State Bank, a third party. If a mistake, mutual or unilateral, the mere payment and acceptance of a sum of money less than the amount of undisputed indebtedness due in full satisfaction of the debt does not constitute accord and satisfaction and does not bar a creditor's right to recover the balance because there is a want of consideration.

Smith admitted that after the release was executed, he told Mr. Payne of American State Bank there was some indebtedness due and he would pay the bank for

anything he owed after it was figured. This he did not do. There is no dispute about the indebtedness represented by the note. Appellees assert that their payment of the amounts of $715.52, plus $3.76 interest, constituted an accord and satisfaction of the note. In this case there is a lack of consideration necessary to establish accord and satisfaction upon the payment of $715.52 and $3.67 interest. The mere payment and acceptance of a sum of money less than the amount of undisputed indebtedness due in full satisfaction of the debt does not, for want of consideration, constitute accord and satisfaction and does not bar a creditor's suit to recover the balance. American General Life Ins. Co. v. Copley, 428 S.W.2d 862 (Tex.Civ.App.—Houston, 14, 1968, error ref., n.r.e.); Parmeter v. Delk, 433 S.W.2d 941 (Tex.Civ.App.—Texarkana, 1968, no writ); also see Buchanan & Carvel v. Etie, 191 S.W.2d 706 (Tex. Civ.App.—San Antonio, 1945, error ref., n.r.e.).

Cancelling and surrendering the note on the payment of such sum less than the amount due as a result of the error and miscalculation in figuring the interest and not because of any dispute and controversy between the parties does not amount to, and effect an accord and satisfaction. 1 C.J.S. Accord and Satisfaction § 28, p. 497; Whitt v. Leath, 213 Ala. 309, 104 So. 796 (1925); see also International Life Ins. Co. v. Stuart, 201 S.W. 1088 (Tex. Civ.App.—Fort Worth, 1918, no writ). The claim is not discharged by the acceptance by the creditor of a sum less than the amount actually due as a result of oversight on his part or mistake as to the amount of the debt. 1 C.J.S. Accord and Satisfaction § 28, p. 497.

In this case, the makers, the payees and American State Bank, each and all, made a mistake, resulting from mathematical inaccuracies caused by improper crediting of all payments to the principal of the note. As stated in Corbin on Contract, page 1086:

"The only debt previously enforceable was the correct balance arithmetically determined; and that is the debt that is still payable, whether the account was correctly or incorrectly stated. If the balance struck is smaller than the existing debt, there is again nothing to prevent him from proving its actual amount and the reason for the deficiency in the erroneous account."

At page 1078:

"The Courts are quite correct in treating such an account stated as merely prima facie evidence of a pre-existing debt, and in letting either party prove error if he can. The new promise of the creditor is not binding and not a contract insofar as it is a promise to accept less than is due. The debtor has given no sufficient consideration for such promise. This is true even though the mistake is that of the creditor himself in omitting an undisputed item from his rendered account.

"His previous assent merely puts on him the burden of showing wherein the account is incorrect."

The appellees, Smiths, rely upon Neeley v. Southwestern Investment Co., 430 S.W. 2d 465 (Tex.Sup., 1968). Mrs. Neeley owed Southwestern Investment Company the unpaid balance on notes payable in monthly installments, which provided for interest from maturity and contained no prepayment option. She inquired of Southwestern what amount of money would be required to pay the loans in full. The amount of rebate to be allowed by Southwestern when a loan was paid before maturity was calculated, allowing rebate of $71.75 on a furniture note and $1.86 on an automobile note. With these discounts allowed, she was advised that $837.01 would liquidate and satisfy these loans. She argued that according to her figures it should be less, but finally paid $837.01 by check marked "In full of account." The check was accepted, endorsed, honored and paid. Thereafter, Southwestern discovered a mistake reflecting the Neeleys owed $60.-

*69* additionally. Under these facts, on page 468, the Supreme Court in Justice Walker's opinion held:

"It is well settled that payment under these circumstances is sufficient consideration to support the creditor's agreement.

\* \* \* \* \* \*

"Accord and satisfaction is thus shown as a matter of law, and in our opinion respondent's unilateral mistake in computing the payoff figure affords no basis for avoiding same."

In the instant case there was no agreement to discount for early payment, but a refusal to do so. There is no consideration to support accord and satisfaction of the note by the payment of June 13, 1967 ($2,363.88 less than the unpaid balance). This was an "on or before" note. All parties were mistaken as to the unpaid balance. The Neeley case is not in point and is not applicable.

Again, Corbin on Contracts, § 1292, is applicable:

"There is no doubt that if no part of the claim is in dispute and the creditor sends by mistake a bill showing less than the amount actually due, the payment of that amount does not operate as a full satisfaction. Under such circumstances, a promise by the creditor to accept the check as full satisfaction would be without any sufficient consideration."

This is a suit between the makers and the payees of the note. Under the authorities discussed and Dodson v. Watson, 110 Tex. 355, 220 S.W. 771, 11 A.L.R. 583 (1920), by Chief Justice Phillips, the contentions of appellants are sustained. The Dodson case on page 772 held (and this court agrees):

"In modern business transactions, such, for instance, as between banks and their customers, it would be perilous to state accounts if the statement of the balance is to be held in all cases as creating a contract binding upon both parties and subject to no correction for errors unless they be due to the fault of both."

Under the facts in the instant case the errors were due to the fault of the makers and the payees of the note as well as the third party, American State Bank. The mistake should be corrected.

Judgment of the trial court is reversed and judgment here rendered that the appellants, Robhert T. Rhea and Agnes T. Harrell, individually, and as independent executrix of the estate of George W. Harrell, deceased, do have and recover of and from the appellees, John D. Smith, Jr. and wife, Pauline Smith, the sum of $2,363.88, plus interest thereon at the rate of seven per cent per annum from June 13, 1967, with all costs adjudged against appellees.

Reversed and rendered.